## BOSTWICK v. McCORKLE et al.

ACTION to determine an adverse claim to land, the complaint averring that plaintiff who was in possession, derived title through a deed from G. Answer that previous to the execution of G.'s deed the land was attached at suit of a creditor of his, and was subsequently in due course sold by the Sheriff, at which sale defendant became the purchaser. Replication that a portion of the debt on which the attachment issued was secured by a collateral note, and that the attachment was therefore void : *held*, that on these pleadings, in the absence of proof, judgment was properly entered for defendant; that if plaintiff had the right to attack the attachment in this form (a point not decided) the burden of the proof was on him to show that the attachment debt was collaterally secured.

Where the transcript contained, together with the judgment roll, a copy of an order, certified to by the Clerk, sustaining a demurrer to a replication, and there was no statement or bill of exceptions : *held*, that the Appellate Court could not review the action of the Court below upon the demurrer.

APPEAL from the Seventh Judicial District.

The record in this case consists of the following papers : Complaint; summons; answer of defendant Tucker; demurrer of defendant McCorkle; amended complaint, demurrer of Tucker to amended complaint, replication; demurrer of Tucker to replication; an order that "defendants' demurrer filed herein" be sustained; order dismissing as to McCorkle; judgment for defendant Tucker; notice and undertaking on appeal and a certificate by the Clerk that the foregoing are true copies of the originals.

The nature of the pleadings is stated in the opinion of the Court.

*Wallace & Rayle,* for Appellant.

*Thos. J. Tucker,* Respondent, *in pro. per.*

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to remove an alleged cloud upon plaintiff's title to land owned by and in his possession. The complaint avers that the plaintiff's title was derived by mesne conveyances from one Grigsby under a deed executed by him, dated July 16th, 1861, and that the defendants claim an adverse lien or title thereto, which is subordinate to his title. McCorkle demurred to the complaint on the ground that it was uncertain, etc., and that it did not state facts sufficient to constitute a cause of action. The action was afterwards dismissed as to McCorkle. The other defendant, Tucker, answered by averring that on the ninth day of July, 1861, an action was commenced against Grigsby, in which an attachment issued, and on the tenth day of July it was levied on the premises in controversy; that a judgment was afterwards rendered in said action, on which an execution issued, and the defendant Tucker, purchased the property at the Sheriff's sale, under the execution, on the thirtieth day of November, 1861 ; that he obtained a certificate of purchase from the Sheriff, and that the property had not been redeemed. The plaintiff in his replication to this answer, admits the indebtedness against Grigsby and the action thereon, and attachment therein, but avers that Grigsby, to secure the payment

of one of the notes sued on pledged to the holder a certain promissory note, made by third parties, for $1,206 66, and therefore avers that the attachment was illegal and void.  The case was submitted to the Court upon the pleadings alone, and a judgment rendered for the defendant, from which the plaintiff appeals.

There is no statement or bill of exceptions in the case, and there is nothing properly before us but the judgment roll, and in this we see no error.   Even if the plaintiff had a right to attack the attachment proceedings, in this form of action, or in any other mode, the pleadings presented an issue in which the burden of proof was upon him.   To maintain his case it was necessary for him to prove that one of the notes sued on was secured in the manner alleged in his replication.   Not having done this, the Court properly rendered judgment against him.   The record discloses that the defendant Tucker, filed a demurrer to the replication, and there is also a copy of what purports to be an order sustaining " defendants' demurrer filed herein ;" whether this applies to McCorkle's demurrer to the complaint, or Tucker's demurrer to the replication, the entry does not state ; nor does it appear that the plaintiff excepted to this order.   The action of the Court thereon cannot therefore be considered in the case.

The judgment of the Court below is affirmed.