D. P. SMITH, APPELLANT, *v.* E. A. LAWRENCE, RESPONDENT.

PRACTICE.—When a party stands by a pleading, to which a demurrer has been sustained, no exception to the decision is required. The case of *Bostwick* v. *McCorkle* (22 Cal. Rep. 669) overruled.

LIMITATION—STATUTE OF.—If a party enters into a valid agreement, in writing, with the defendant, not to sue upon a particular demand, which he holds, until the happening of a particular event, the running of the statute is suspended until the event occurs.

IDEM.—To make such agreement valid, it is not necessary that the debtor should sign it.

PARTIES TO A SUIT.—P. & H. entered into a contract, whereby it was agreed that H. should pay certain obligations of L. to S., on the confirmation of P.'s title to

certain lands, then pending before the proper tribunals, and which he had sold to H.—in consideration whereof, and for other considerations, S. agreed with L. that he would not sue on his demands against L. until the decision of the question of the title to the land. P.'s title was rejected. *Held*—That in an action by S. against L., on those demands, P. & H. were not necessary parties.

COVENANT—COMPLIANCE WITH.—It is no satisfaction of a covenant for the confirmation of a Mexican title to a tract of land, that the covenantee may obtain the title to the same land by entry and purchase.

APPEAL from the Twelfth District Court, City and County of San Francisco.

Suit was commenced, in April, 1867, to recover on two promissory notes, made in the early part of the year 1858, and payable immediately after their execution. After setting forth the cause of action, the complaint further alleges : That, shortly after the execution of the notes sued on, a contract was made, in writing, between one Parmelee and one Hammitt, by which Hammitt agreed with Parmelee to assume the payment, to the plaintiff, of the two notes due from the defendant to the plaintiff, on the confirmation of Parmelee's title to certain lands which he had sold to Hammitt, and which was then pending before the Federal tribunals. That, in consideration of the agreement of Hammitt with Parmelee, "and for other good and valuable considerations," paid him by defendant, the plaintiff contracted and agreed in writing with the defendant, at the time of the execution of the agreement between Parmelee and Hammitt, that he would forbear to sue upon, or demand payment of the notes sued on, until the final decision of Parmelee's title, by the Courts of the United States. The complaint further stated that the only title under which Parmelee claimed the land was as a purchaser of the title, through mesne conveyance, from the original grantees, who derived their title from the Mexican Government; and that, on the 28th day of February, 1864, by a final decree of the Supreme Court of the United States, the claim to said land by Parmelee was rejected, and held to be invalid.

To this complaint the respondent filed a demurrer, upon the following grounds :

*First*—That said complaint does not state facts sufficient to constitute a cause of action.

*Second*—That it appears, upon the face of said complaint, that said right of action, set forth therein, has been barred by lapse of time.

*Third*—That there is a non-joinder of defendant, in that A. W. Hammitt and G. E. Parmelee are not made parties to said suit.

The demurrer being sustained by the Court below, and the plaintiff refusing to amend, final judgment was entered in favor of the defendant; from which judgment, as well as from the order sustaining the demurrer, the plaintiff appealed.

*Whiting & Naphtaly*, for Appellant, submitted the following points and authorities :

*First*—The complaint states a good cause of action, being founded on promissory notes.

*Second*—It appears on the face of the complaint that the cause of action was not barred by the Statute of Limitations when the action was commenced.

*Third*—The plaintiff had no cause of action on said notes until the event happened. If he had brought his action before the event happened, it would have been dismissed, as prematurely brought.

*Fourth*—It was competent for the parties to enlarge the time of credit by contract; and the complaint shows it was done. The new credit took the place of that provided in the notes, and the cause of action did not accrue until the new credit expired. An existing cause of action may be suspended either by law or by contract, and, during such suspension, the statute does not run. (Angell on *Limitations*, 113 ; *Eckstein* v. *Shoemaker*, 3 Whart. R. 15 ; *Leinhart* v. *Forringer*, 1 Penn. R. 492.)

*E. A. Lawrence*, Respondent, submitted the following brief, in his own behalf :

*First*—No exception was entered to the sustaining the demurrer, and plaintiff, not desiring to amend, judgment went for plaintiff.

There is nothing in the record to show but that the ruling was acquiesced in. (*Bostwick* v. *McCorkle*, 22 Cal. 669.)

*Second*—The demurrer was properly sustained, for the following reasons :

1st—The complaint shows, on its face, that the Statute of Limitations had run on the notes. (Angell on Limitations, 95 ; Chitty on Bills, p. 374; Bull, N. P. 151 ; *Presbry* v. *Williams*, 15 Mass. 193 ; *Little* v. *Blunt*, 9 Pick. 488 ; *Codman* v. *Rogers*, 10 *Ib.* 112; *Easton* v. *Long*, 1 Mo. 662 ; *Ruff* v. *Bull*, 7 Harr. and Johns. Md. 14; *Peaslee* v. *Breld*, 10 N. H. 489; 13 Wend. 267.)

2d—The agreement set forth in the complaint did not have the effect to take the case out of the statute. (*Peña* v. *Vance*, 21 Cal. 142 ; *Fairbanks* v. *Dawson*, 9 Cal. 90.)

3d—Lawrence signed no agreement in writing, of any kind, and, therefore, is not liable. (Gen. Laws, Art. 4373 ; *Peña* v. *Vance*, 21 Cal. 142 ; *Fairbanks* v. *Dawson*, 9 Cal. 90; Angell on Limitations, Secs. 273, 211, 212.)

4th—There is a non-joinder of parties defendant, in that Hammitt and Parmelee are not made parties.

5th—Said complaint does not state facts sufficient to constitute a cause of action.

It is not averred that Parmelee's title has not been perfected. On the contrary, we allege that it has been perfected by the Act of Congress (1864), commonly called the " Conness Bill," passed for the benefit of these very claimants. (Laws U. S. 1864, Sec. 2, p. 335 ; Laws U. S. 1866, Sec. 7, p. 220.)


RHODES, J., delivered the opinion of the Court :

Judgment having been rendered for the defendant upon demurrer to the complaint, it will be convenient to consider the case upon the points made by the respondent.

*First*—The first point is, that no exception was taken by the plaintiff to the order sustaining the demurrer. When a party stands by a pleading, to which a demurrer is sustained, no exception to the decision is required. The office of an exception, reserved in the manner provided by the statute, is to cause the question of law, which was presented to and decided by the Court, to be made a matter of record, so that

it may be re-examined by the Court on motion for a new trial, or be reviewed by the appellate Court. The action of the Court upon a demurrer usually is, and, in all cases, should be, entered of record; and the making of the same thing a matter of record a second time, by reserving an exception, would subserve no useful purpose. There is no more room to indulge the presumption of an acquiescence in the decision, because no exception was taken, than there would be that the losing party acquiesced in a judgment, because he took no exception to the order for judgment. The only authority cited by the defendant on this point is *Bostwick* v. *McCorkle* (22 Cal. 669), in which it is said that it did not appear that the plaintiff excepted to the order sustaining the demurrer to the replication, and that, therefore, the action of the Court could not be reviewed. No authority is cited by the Court in support of that position, and we are unable to see upon what ground it can be sustained. When a demurrer to a pleading is sustained, and the pleading is amended, the amendment operates as an acquiescence in the decision on the demurrer. It surely could not be said, that a refusal to amend would also be deemed an acquiescence in the decision. There is no mode in which a party could more distinctly manifest his dissent from the decision, than by refusing to amend. An exception is not necessary, unless a bill of exceptions, or a statement, under our system of practice, is requisite, in order to present for review, the question of law upon which the decision passed, which, the party insists, is erroneous; and neither a bill of exceptions nor a statement is required, where the record already presents the question of law and the decision of the Court.

*Second*—It is contended that the demurrer was properly sustained, because the complaint shows that the Statute of Limitations had run against the promissory notes. This position is correct, unless the agreement set forth in the complaint had the effect to suspend the running of the statute. One of the notes was dated January 30, 1858, and was payable one day after date; and the other was dated February 18, 1858, and was payable on demand. On the 15th of April, 1858, the plaintiff, in consideration of certain cove-

nants mentioned, and "for other good and valuable considerations," paid by the defendant, agreed in writing with the defendant "that he would forbear to sue upon or demand payment" of the promissory notes until it should be finally determined by the Courts of the United States, whether the title of the claimants to the Romero rancho was valid, and entitled to confirmation. It is alleged that in February, 1864, this title was finally rejected, and decided to be invalid by the Supreme Court of the United States. No sufficient reason is suggested why the agreement is not valid. It is not necessary, as insisted by the defendant, that he should have signed the agreement in order to render it valid, for the agreement did not provide that any act should be performed by him; but it is enough that it was binding upon the plaintiff. Nor is the allegation as to the failure of Parmelee's title defective, for it is alleged that he claimed solely under the grantees of the Romero rancho, and that that title was finally rejected. Whether he could have acquired a title from the United States by entry and purchase is not material, for that is not the title in respect to which the agreement was made; and whether it was so acquired, is not a proper subject of investigation, under the demurrer, for the complaint contains no allusion to such title. Accepting the contract as valid and binding upon the plaintiff, it precluded him from suing upon the notes, until the happening of the event mentioned in the contract. During that period his cause of action was suspended; and during the same period, the Statute of Limitations did not run. (Ang. on Lim. Sec. 115.) The payee of the notes is entitled to the full term of four years in which to commence his action, and the extension of the time for the payment of the notes, did not deprive the payee of any portion of that time.

*Third*—Neither Parmelee nor Hammitt is a necessary party to this action. Neither of them will be affected by a judgment upon the promissory notes. The judgment will not prevent them from litigating the question as to the confirmation of the title to the rancho, or as to the validity or performance of their contract.

---

Points decided.

---

Judgment reversed and Court directed to overrule the demurrer.

Mr. Justice CROCKETT, having been of counsel in this cause, did not participate in the decision.