[Civ. No. 870.   First Appellate District.—November 29, 1911.]

# V. QUANCHI, Respondent, v. BEN LOMOND WINE COMPANY, a Corporation, Appellant.

PROMISSORY NOTE—PAYMENT ON PRINCIPAL—REQUEST FOR EXTENSION —INDORSEMENT ON NOTE BY PAYEE — STATUTE OF LIMITATIONS— ESTOPPEL.—Where the maker of a note payable ninety days after date paid part of the principal, and requested the payee for a year's extension of time to pay the residue upon interest, which was indorsed on the note as of the date of the payment, and signed by the payee, in an action on the note after the expiration of such extension, the maker is estopped to plead the statute of limitations on the ground that he did not sign the extension as the party to be charged.

ID.—STATUTE OF FRAUDS NOT INVOLVED IN ESTOPPEL.—It is held that the statute of frauds embodied in section 360 of the Code of Civil Procedure, providing that "no acknowledgment or promise is sufficient evidence of a new or continuing contract to take the case out of the operation of this title ["Time of Commencing Civil Actions"] unless the same is contained in some writing signed by the party to be charged thereby," has no application to the facts of this case raising an estoppel to plead the statute of limitations. Although the request for delay was neither an acknowledgment nor a promise, within the meaning of that section, nevertheless the granting of the same raises such an estoppel.

ID.—GROUNDS OF ESTOPPEL—FRAUD UPON PLAINTIFF.—The defendant having by his request induced the plaintiff to indorse upon the note a suspension of his right to commence an action thereon for the period of one year, by pleading the invalidity of the extension, in order to avail himself of the statute of limitations, he is guilty of bad faith, and upon general principles should be estopped from availing himself of that defense. The plea that such extension is void is a fraud upon the plaintiff, who, had not the defendant requested an extension, would have brought his suit in time. When the act or promise of one man causes another to do or forbear to do something which he otherwise would have done, the other is estopped from taking advantage of the act or omission caused by his own act or promise.

ID.—CONSIDERATION FOR EXTENSION—INCREASED RATE OF INTEREST— PROMISE TO FORBEAR.—The increased rate of interest that the plaintiff was to receive, and his promise to forbear suit for the definite period of one year, as requested, constituted a sufficient consideration for the contract so to extend the time of payment.

APPEAL from a judgment of the Superior Court of Santa Cruz County.    Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, for Appellant.

James A. Hall, W. P. Netherton, and Netherton & Torchiana, for Respondent.

KERRIGAN, J.—This is an appeal on the judgment-roll, without a bill of exceptions, from a money judgment in favor of plaintiff.

The complaint was in two counts, and the question raised in this appeal concerns only the first count.    In that count it is alleged, and the court found, that on September 3, 1902, the defendant executed and delivered its promissory note to the plaintiff, by the terms of which it promised to pay to the plaintiff, ninety days from said date, the sum of $1,462.31. "That thereafter, and at the request of defendant, and for its benefit, the following indorsements were made on the back of said instrument, to wit:

"Dec. 5, 1902.    Recd. on account of principal $500.

"Dec. 5, 1902.    Extension of this note and payment for the same is extended for one year from date to be due and payable at the rate of 8 per cent int. until paid on or before Dec. 5th, 1903, for the balance due on this note, and this note is not transferable to anyone, and payment for same only to be made to me personally.

"V. QUANCHI."

The complaint further alleged and the court found that by virtue of the terms of said note  the defendant promised to pay plaintiff the amount therein specified, but that no part thereof has been paid except the said sum of $500, leaving due and unpaid from defendant to plaintiff the sum of $963.31, with interest thereon at the rate of eight per cent per annum from the fifth day of December, 1902.

The defendant, in addition to a specific denial of the allegations of the complaint, pleaded that the cause of action was

barred by subdivision 1 of section 337, and subdivision 1 of section 339 of the Code of Civil Procedure.

The action was commenced on December 4, 1907.

Defendant claims that the indorsement on the back of the note, not having been signed by it, does not come within the provisions of section 360 of the Code of Civil Procedure, and that therefore the statute of limitations has run. Section 360 reads as follows:

"No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

We think, however, that the facts of this case do not involve the question of a new promise or acknowledgment which section 360 requires to be in writing; but the question involved is, whether the defendant, having induced the plaintiff to make said indorsement on the note, and thus to suspend any action against it for one year, is not estopped from availing himself of the statute of limitations. We think it is.

In most of the adjudicated cases of this character, where the doctrine of *estoppel in pais* is invoked, the question arose where there had been an express promise not to plead said statute; but in principle the same question is involved where the obligor, in the case of a written instrument, asks for and receives an extension of time, but fails to sign the agreement of extension made for his benefit and acted upon by the obligee. In both cases there is a request which is acted upon to the detriment of the party forbearing. As was said in *Gaylor* v. *Van Loan,* 15 Wend. (N. Y.) 308, where there was an agreement not to plead the statute of limitations, "By pleading the invalidity of the extension the defendant is guilty of bad faith, and upon general principles should be estopped from availing himself of that defense. No one ought to be permitted to disregard his own deliberate lawful agreement to the injury of another. The principle which should debar the defendant from setting up the defense is a familiar one."

"When the act or promise of one man causes another to do or *forbear to do* something which he otherwise would have done, the other is estopped from taking advantage of the act

or omission caused by his own act or promise.'' (*Conrad v. Perrine,* 21 N. J. Eq. 101.)

Here the request for an extension was made at the instance of the defendant. It was agreed to and acted upon by the plaintiff. The plea that such an extension is void is a fraud upon the plaintiff. Had the defendant not requested an extension, the plaintiff would have brought his suit in time.

In *Smith* v. *Lawrence,* 38 Cal. 24, [99 Am. Dec. 344], Smith, the payee of two notes, by a valid agreement in writing, signed by him only, promised the defendant, the payer, that he would forbear to sue or demand payment thereof until the happening of a particular event. The court held that the statute was suspended until the event occurred, and in so holding the court said: ''No sufficient reason is suggested why the agreement is not valid. It is not necessary, as insisted by defendant, that he should have signed the agreement in order to render it valid, for the agreement did not provide that any act should be performed by him, but it is enough that it was binding upon the plaintiff. . . . Accepting the contract as valid and binding upon the plaintiff, it precluded him from suing upon the notes until the happening of the event mentioned in the contract. During that period his cause of action was suspended; and during the same period the statute of limitations did not run. . . . The payee of the notes is entitled to the full term of four years in which to commence his action, and the extension of the time for the payment of the notes did not deprive the payee of any portion of that time.''

It has been held that where one has agreed to forbear in the prosecution of a suit about to expire under the statute of limitations, where the person liable had in a conversation, in consideration of such forbearance, promised to pay, such oral promise was binding. Said the court: ''The conversation referred to occurred before the statute had run, and it was a distinct promise to pay in consideration that the plaintiff below would not sue. If, therefore, she relied upon this promise, if she was thereby lulled into security, and thus allowed the six years to go by before she commenced her suit, with what grace can the defendant now set up the statute? . . . Plaintiff relied and acted upon it; she has been misled to her injury; but for the defendant's promise she would

have commenced her action before the six years had expired.''
(*Armstrong* v. *Levan*, 109 Pa. 177, [1 Atl. 204].)    To the
same effect is *Bancroft* v. *Roberts*, 91 N. C. 363.    (See, also,
*Quick* v. *Corlies*, 39 N. J. L. 11; *Jordan* v. *Jordan*, 85 Tenn.
561, [3 S. W. 896] ; *Mann* v. *Cooper*, 2 App. D. C. 226.)

In *State Loan etc. Co.* v. *Cochran*, 130 Cal. 245, [62 Pac.
466, 600], the obligee refrained from bringing suit upon a
certain obligation upon the written request of the obligors
until the statute had operated.    There the court held that re-
quest for delay was neither a promise nor acknowledgment of
the debt, within the terms of section 360 of the Code of Civil
Procedure, but nevertheless the statute of limitations could
not be pleaded as a bar upon the principle of estoppel.    Re-
ferring to section 360 the court said: ''The statute refers only
to two of the recognized means by which the operation of the
statute may be avoided, namely, acknowledgments and prom-
ises, and to require these to be in writing; there is nothing in
it to imply otherwise an intent to alter the law.    But apart
from the statute it has always been recognized law that if,
pending the running of the statute, the time of payment is
extended by the creditor with the assent of the debtor, the
statute does not run during the time of the suspension; nor is
it necessary that the contract extending the time for payment
be signed by the debtor.''

Here the court cites many authorities, among them the case
of *Bridges* v. *Stephens*, 132 Mo. 538, [34 S. W. 555], which
reviews the decisions in many jurisdictions, and holds, as cor-
rectly stated in the syllabus, that ''An agreement by the
debtor, before the debt is barred, not to plead the statute of
limitations need not be in writing, it not being an acknowl-
edgment of the indebtedness or promise to pay within the
meaning of'' the statute.

In 1 Wood on Limitations, second edition, section 76, it is
said: ''While a promise not to plead the statute, whether
made before or after the debt is barred, does not amount to
an acknowledgment thereof or a promise to pay it, yet if made
before the debt is barred and in consideration of the forbear-
ance to sue, and the creditor does forbear to sue upon the
faith of the promise, it is binding upon the debtor, and at
least has the effect to keep the debt on foot until the statutory

period *dated from such promise* expired . . . by way of estoppel.''

We have been cited to the case of *Pena* v. *Vance,* 21 Cal. 142, as opposing the right of plaintiff to recover, on the ground that the extension was not signed by the defendant. This case was decided in the early history of our jurisprudence, and has not since been cited or adopted by our courts, or any other court of last resort that we have been able to find; and in view of the contrary expressions in subsequent cases in this state just referred to, it can hardly be relied on as a precedent. Furthermore, the question of estoppel was not raised in that case, the only point presented being the sufficiency of the indorsement of extension by the creditor.

The increased rate of interest that the plaintiff was to receive and his promise to forbear constituted a sufficient consideration for the contract to extend the time of payment. (*State Loan etc. Co.* v. *Cochran,* 130 Cal. 245, [62 Pac. 466, 600]; *Bridges* v. *Stephens,* 132 Mo. 538, [34 S. W. 555]; *Hobart* v. *Verrault,* 74 App. Div. 444, 447, [77 N. Y. Supp. 483].)

There is nothing in the point claimed by defendant that the action was commenced too late under the extension of time given for payment.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 29, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1912.