[L. A. No. 2764. In Bank.—August 16, 1912.]

THOMAS W. PHILLIPS, Respondent, v. JANE M. PHIL-
LIPS, Appellant.

[L. A. No. 2774. In Bank.—August 16, 1912.]

THOMAS W. PHILLIPS, Appellant v. JANE M. PHIL-
LIPS, Respondent.

MORTGAGE—HUSBAND AGENT FOR WIFE IN NEGOTIATIONS—AGREEMENT
FOR FORBEARANCE OF FORECLOSURE—WIFE CHARGED WITH KNOWL-
EDGE.—A husband, who acted on behalf of his wife in the negotia-
tions with the mortgagee for the giving of a mortgage on her sepa-
rate property, which she afterward joined with him in executing, was
her ostensible agent in the matter, and where, as part of the trans-
action, the mortgagee executed and delivered to the husband a col-
lateral agreement forbearing to enforce the mortgage until the
happening of a contingency subsequent to the maturity of the in-
debtedness secured, she was charged with knowledge of such agree-
ment and of its contents.

ID.—FACTS PUTTING WIFE ON INQUIRY—KNOWLEDGE ASCERTAINABLE BY
INQUIRY.—The facts that the mortgage was executed by the wife
and her husband to secure a larger indebtedness than they then owed
the mortgagee, and that it was antedated to correspond with a date
when the husband was conducting the negotiations with the mort-
gagee, was sufficient to put her on inquiry of her husband, from
whom, by asking, she might have learned that the mortgage was
given in part for future advances, and that the mortgagee had form-
ally agreed to postpone the collection of the indebtedness secured
thereby.

ID.—NOTICE OF FORBEARANCE AGREEMENT—RATIFICATION OF ACT OF
AGENT.—The wife, having knowledge of circumstances sufficient to
put a prudent person upon inquiry, had constructive notice of the
agreement of forbearance, and must be held to have ratified the acts
of her assumed agent in accepting its delivery by the mortgagee.

ID.—ACTION OF FORECLOSURE—PLEADING—INSUFFICIENT DENIALS OF
AGENT'S ACTS.—In an action to foreclose such mortgage allegations
in the answer of the wife denying on *information and belief* that
the mortgagee, made, executed, or delivered the forbearance agree-
ment to herself and her husband, but positively denying that he
delivered it to her or to her and her husband *at her request,* do not
amount to a denial that the document was delivered to her husband

acting for her, or negative in any way the presumption of her full knowledge of the transaction.

ID.—CONDUCT ESTOPPING WIFE FROM PLEADING STATUTE OF LIMITATIONS. The wife, by accepting the benefits of the contract, and by her actions and those of her husband, as her agent, lulling the mortgagee into assumed security and causing him to postpone foreclosure until the expiration of the period mentioned in the forbearance agreement, was estopped from setting up the prior bar of the statute of limitations.

ID.—ADVANCES BY MORTGAGEE FOR TAXES AND ASSESSMENTS—PAYMENT THROUGH AGENCY OF MORTGAGOR.—Moneys advanced by the mortgagee to one of the mortgagors, at the request of the latter, for the express purpose of paying taxes and assessments on the mortgaged premises, and so applied by such mortgagor, are recoverable in an action to foreclose the mortgage, under a provision thereof authorizing the inclusion in such action of "all payments made by the mortgagee for taxes and assessments." In so applying the moneys advanced, the mortgagor acted as the agent of the mortgagee in paying the taxes and assessments. The fact that the other mortgagor had no knowledge of such payments is immaterial, where the mortgage did not provide that notice should be given to either of the mortgagors in case the taxes or assessments were paid by the mortgagee.

APPEALS by the defendant from judgments of the Superior Court of Los Angeles County, and from an order refusing a new trial, and appeals by the plaintiff from portions of such judgments. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Gibson, Trask, Dunn & Crutcher, and Edward E. Bacon, for Plaintiff, Appellant in No. 2774 and Respondent in No. 2764.

J. W. McKinley, and W. R. Millar, for Defendant, Respondent in No. 2774 and Appellant in No. 2764.

MELVIN, J.—These are actions to foreclose two certain mortgages. Judgments in favor of the plaintiff were rendered in the trial court, but the court declined to include in said judgments a certain amount claimed on account of advances made by plaintiff for taxes, street assessments, insurance, and the like due upon the mortgaged premises. Defendant's appeal is from the judgments and from an order denying her

motion for a new trial. Plaintiff appeals from that part of the judgments which is unfavorable to his claim for advances.

The whole controversy with respect to defendant's appeal has reference to the alleged bar of the statute of limitations. On November 20, 1888, Jane M. Phillips and Charles M. Phillips, her husband, executed a note in favor of plaintiff, Thomas W. Phillips, a brother of said Charles, for five thousand dollars secured by a mortgage on certain realty in Los Angeles County described as "lots numbered ten (10), eleven (11) and the south half of lot seven (7), all in block 'P' San Pasqual Tract, lands of the Lake Vineyard Land and Water Association, as per map of said San Pasqual Tract as the same is recorded in book 3, page 315, miscellaneous records of Los Angeles County, California." The note was by its terms made payable on or before two years after date. Later, another note supported by a mortgage was executed by the same parties for fourteen thousand dollars. This note and the mortgage were both dated September 30, 1893, but were in reality executed somewhat later. The complaint alleged a written agreement between the parties also dated September 30, 1893. whereby plaintiff promised not to enforce the collection of either of these obligations for at least a period of ten years, and not even then to commence foreclosure proceedings unless the real and personal property of Charles M. and Jane M. Phillips should at that time be of a value of more than sixty thousand dollars above the indebtedness evidenced by the said notes and mortgages; and that if at the end of ten years from the date of the execution of the agreement of forbearance, the wealth of the mortgagors should fall below the value indicated, then a further period of five years was to be allowed for the payment of the debt, at the end of which time, if the property of the mortgagors was still insufficient to leave them at least sixty thousand dollars after the full satisfaction of the notes and mortgages, then only so much of the debt was to be collected as would allow Mr. and Mrs. Charles M. Phillips to retain sixty thousand dollars' worth of real and personal property.

The uncontradicted evidence shows that in 1893 Charles M. Phillips visited his brother, the plaintiff herein, at the latter's home in Pennsylvania. At that time Charles and his wife were indebted to the plaintiff in a sum exceeding sixteen thou-

sand dollars, five thousand dollars of which was secured by one of the mortgages here in suit. The remainder of it was unsecured, eight thousand dollars of the indebtedness being represented by the promissory note of Charles M. Phillips and his wife payable to the wife of Thomas W. Phillips. While Charles M. Phillips was at his brother's home the agreement of forbearance was drawn in duplicate, was signed by plaintiff and one copy thereof was delivered by him to Charles M. Phillips, among whose papers it was found after the latter's death in 1908. The agreement, which was signed by plaintiff only, was in the form of a contract between him as party of the first part and Charles M. and Jane M. Phillips, as parties of the second part. It recites the execution of the note and mortgage of even date to secure the sum of fourteen thousand dollars, and the prior note and mortgage for five thousand dollars, but states that of the larger note only eleven thousand dollars had been actually paid, the balance being for future advancements. The considerations mentioned for the execution of the contract of forbearance are one dollar and "brotherly love and affection." On the return of Charles M. Phillips to California, he and his wife executed the note and mortgage for fourteen thousand dollars, dating it September 30, 1893. In the three years succeeding such execution plaintiff advanced to defendant and her husband sums aggregating the three thousand dollars necessary to make up the principal sum of the note, and thereafter continued to make further loans to them. The complaint contains the allegation that at the expiration of the fifteen years contemplated by the contract of forbearance the property of Mrs. Jane M. Phillips exceeded by more than sixty thousand dollars her indebtedness to plaintiff, but that it had not been worth that much money when the ten-year period was completed. Defendant did not deny the alleged value of her possessions at the time of the ending of the period of fifteen years. On the contrary she alleged that on September 30, 1903, ten years after the date of the contract of forbearance she possessed property worth more than sixty thousand dollars above the debts secured by the mortgages in suit, but as no oral testimony was adduced with reference to this matter, as her allegation was on information and belief and as plaintiff's positive averments that on September 30, 1903, the combined wealth of his brother and Mrs. Jane M.

Phillips was less than sixty thousand dollars in excess of the mortgage debts, while on September 30, 1908, his brother's widow was possessed of more than that amount of property, stand without contradiction, it follows that the finding of the court in favor of plaintiff on this subject is fully supported.

Appellant advances three general statements for our consideration. These are that: 1. The agreement dated September 30, 1893, never became effective because not signed by the parties of the second part; 2. Said agreement was void because executed without consideration; and 3. Knowledge of the existence of said supposed agreement had never been brought home to defendant by the proof in this case. From these premises defendant concludes that the agreement of September 30, 1893, never suspended the operation of the statute of limitations and that, therefore, the bar of said statute is available as a defense in this action.

It is not disputed that the note for eight thousand dollars was surrendered to Charles M. Phillips for himself and his wife and that with that note in his possession, as well as with plaintiff's written agreement to make further advances and to extend the time for the enforcement of the mortgage liens, defendant's husband returned from Pennsylvania to California. Very shortly thereafter he and his wife executed the note and mortgage for fourteen thousand dollars. Defendant probably had opportunity to see the contract as her husband kept it until the time of his death. But even if she never actually saw it, she was charged under the circumstances, with knowledge of it and its contents. The land in question was her separate property. This is alleged in the complaint, is not denied in the answer, and is found by the court to be true. Therefore, in the negotiations with his brother her husband acted as her ostensible agent. While they lived together in Pasadena her husband continued to borrow money from his brother and to apply it to the payment of debts standing against this land. The unchallenged evidence shows that she, with her husband, executed a mortgage for more money than she had then received, and this mortgage was antedated to correspond with a date when Charles M. Phillips was at his brother's home in Pennsylvania. Surely these facts would put her on her inquiry. By asking she would then have learned from her husband, who had acted as her agent, that the mort-

gage was given in part for future advances and that the mort-
gagee had formally agreed to postpone for a term of years the
collection of the indebtedness secured by the mortgages.   Hav-
ing knowledge of circumstances which were sufficient to put a
prudent person upon inquiry she had constructive notice of
the existence of the agreement of September 30, 1893.   (Civ.
Code, sec. 19.)   Where such constructive notice exists as that
which appears from the facts proven in this action, the party
who received such notice is held to have ratified the acts of
an assumed agent.   (*Ballard* v. *Nye,* 138 Cal. 594, [72 Pac.
156].)   Neither in her pleading nor at the trial did defendant
assert ignorance of the agreement of forbearance or of its
contents.   She denied in her answer on *information and be-*
*lief,* that plaintiff made, executed, or delivered to herself and
her husband the agreement in question, but positively denied
that plaintiff delivered it to her or to her and Charles M. Phil-
lips *at her request.*   These allegations do not amount to a
denial that the document was delivered to her husband act-
ing for her, and, therefore, in law to both of them, nor do such
averments negative in any way the presumption of her full
knowledge of the transaction.

Aside from all questions regarding the consideration for the
contract of forbearance and the sufficiency of its execution,
defendant is prevented from setting up the bar of the statute
of limitations upon clear principles of estoppel.   She accepted
the benefits of the contract.   Her actions and those of her hus-
band, as her agent, lulled the plaintiff into assumed security
and caused him to postpone foreclosure until the expiration
of the period mentioned in the agreement; consequently she
cannot now pursue the advantage ordinarily available to a
litigant under the statute of limitations.   (*Smith* v. *Lawrence,*
38 Cal. 27, [99 Am. Dec. 344]; *State Loan & Trust Co.* v.
*Cochran,* 130 Cal. 249, [62 Pac. 466, 600]; *Quanchi* v. *Ben*
*Lomond Wine Co.,* 17 Cal. App. 565, [120 Pac. 427].)

We pass now to a consideration of plaintiff's appeal.   The
later of the two mortgages securing the note for fourteen
thousand dollars, dated September 30, 1893, contained the
following provision: "And the mortgagors promise to pay
said note according to the terms and conditions thereof, and
in case of default in payment of the same, or of any install-
ment of interest thereof, when due, the mortgagee may fore-

close this mortgage and may include in such foreclosure a reasonable counsel fee to be fixed by the court together with all payments made by the mortgagee for taxes and assessments on said premises excepting taxes on the interest of the mortgagee therein by reason of this mortgage.'' The complaint alleged, the evidence showed, and the court found that plaintiff, at the request of his brother, had sent to Charles M. Phillips various sums of money aggregating about $3,400 for payment of taxes and assessments on the mortgaged premises, and that with such amounts so sent the claims against the property had been discharged. Notwithstanding these findings the court concluded that plaintiff could not recover for such advances and the judgment was entered accordingly. The only question presented by plaintiff's appeal, therefore, is whether or not the findings show payment by him of the taxes and assessments according to the tenor of the mortgage. Plaintiff does not assert that he actually made the payments and received the tax receipts. He insists that his brother acted as his agent in settling these matters. We think this theory is correct. It is true that plaintiff, who was evidently very generous to his brother, often sent money to the latter for the payment of household expenses, cost of maintaining the property and other debts, exacting no security for such advances, and it was doubtless the conclusion of the lower court that the amounts of money forwarded by Thomas W. Phillips for the settlement of taxes and the like differed in no respect from these other loans, but we must remember that in each instance Charles M. Phillips requested an advance of money from his brother to pay the taxes or assessments due; Thomas W. Phillips advanced the money in response to such request; and Charles M. Phillips on receipt of the necessary amount applied it to the intended purpose. Such request and such compliance with it made Charles M. Phillips his brother's agent and charged him with the duty of executing his undertaking to apply the money when received to the settlement of the particular indebtedness for which it was sent. We see no difference between each of these transactions and the payment of the obligations through a third person having no interest in the mortgaged property. If Thomas W. Phillips had sent the money to such an agent and that person had obeyed instructions, no one would question that payment was made according

to the tenor of the mortgage by plaintiff through his agent. Therefore, we are of the opinion that the superior court erroneously reached a contrary conclusion. The fact that Jane M. Phillips is not shown by the record to have been cognizant of these payments is not material. The mortgage does not provide that notice should be given to either of the mortgagors in case the taxes or assessments were paid by the mortgagee.

It does not appear, however, from the evidence, nor consequently from the findings, what portion of the moneys advanced by Thomas W. Phillips for taxes was applied to the payment of taxes upon the interest of the mortgagee and it is fair to conclude from the evidence that some part of it was used for that purpose, because his brother Charles, who was acting for him with reference to these matters, always in his requests for money to pay taxes referred to "our taxes." This matter is easily capable of solution and the case should be therefore retried upon these issues (after amendment of the pleadings if found necessary by the trial court) so that findings may be entered based upon evidence showing the exact amounts of the taxes and assessments on the property correctly chargeable to Jane M. Phillips under the terms of the mortgage, duly "excepting taxes on the interest of the mortgagee therein."

The judgment and order from which defendant appeals are affirmed. The judgment from which plaintiff appeals is reversed with instructions to the superior court to retry the issues mentioned in the last preceding paragraph hereof in the manner there indicated.

Lorigan, J., Angellotti, J., Shaw, J., and Henshaw, J., concurred.

Rehearing denied.