[S. F. No. 14707. In Bank.—July 14, 1933.]

HJALMAR A. RAPP, Respondent, v. EDITH RAPP,
Appellant.

Gerald C. Halsey and Frederic T. Leo for Appellant.

Walter H. Robinson for Respondent.

WASTE, C. J.—On May 1, 1924, the plaintiff and defendant, who were then husband and wife, entered into a written agreement for the settlement of their property rights. Among other things, the written agreement provides "that said second party [Hjalmar Rapp, plaintiff herein] does hereby accept and receive from first party [Edith W. Rapp, defendant herein] in full settlement of his right, title, interest, claim or demand in and to said property, community or separate, and whether the same consists of real property, money or other securities, the sum of Seven thousand four hundred ($7,400) dollars, payable as follows: One thousand ($1,000) dollars upon the execution of this agreement, the receipt whereof is hereby acknowledged, and the sum of Six thousand four hundred ($6,400) dollars upon the sale of the premises situate in the City and County of San Francisco and known and designated as No. 1650 Jones Street, but, and provided, that on the sale of said property, said second party agrees to accept the sum of Six thousand four hundred ($6,400) dollars to each of said parties, but should the sum of $14,800 cash be not obtained from said sale then the second party agrees to accept on account one-

half of the cash received, after first deducting the aforesaid sum of One thousand ($1,000) dollars to be paid to first party, and to accept jointly with first party a mortgage on said property for any balance that may be due second party; said mortgage when executed and delivered by the purchaser to be deposited with the Wells Fargo & Union Trust Company of San Francisco, the costs of said escrow to be borne equally, and said escrow to provide that thereafter all payments made on account of said mortgage, principal and interest, to be equally divided between the parties hereto until second party shall have been paid said balance in full with interest on said balance and to be paid to them by said Trust Company''.

The present controversy concerns itself with the rights of the plaintiff under the quoted provision. The court below found and concluded that the apartment property, though standing in defendant's name alone, was community property; that at the time of the execution of the property settlement agreement it was mutually understood that it would be sold without unreasonable delay; that more than a reasonable time has elapsed since the execution of the agreement without any sale having been made; that one year following the execution of the agreement was and is a reasonable time within which the defendant could and should have sold the apartment property; that plaintiff is entitled to judgment against defendant in the sum of $6,400 with interest; that he is entitled to a lien on the property to secure the same; and that if the judgment remain unpaid three months from entry, the property is to be sold by a designated referee subject to confirmation by the court. Judgment was accordingly entered and this appeal followed.

Defendant contends that the written agreement does not contemplate a sale of the apartment property at any particular time and contains no provision, express or implied, requiring her to sell. We are of the opinion that the court below has properly construed the agreement. It was intended by the parties to effect a settlement and division of their property rights. The plaintiff accepted as his share the sum of $7,400, of which $1,000 was paid upon execution of the agreement, the balance to be paid upon the sale of the apartment property. Such an agreement necessarily implies a covenant on the defendant's part to sell the prop-

erty within a reasonable time. Especially is this true under Civil Code sections 1655 and 1657. Section 1655 provides that stipulations which are necessary to make a contract reasonable are implied in respect to matters concerning which the contract manifests no contrary intention. Section 1657 provides that if no time is specified for the performance of an act required to be performed, a reasonable time is allowed. To adopt defendant's construction of the agreement would be to place it within her power to indefinitely delay the sale of the premises, thereby defeating plaintiff's rights under the agreement.

We find nothing in *Foley* v. *Euless,* 214 Cal. 506 [6 Pac. (2d) 956], contrary to our conclusion herein. Plaintiff testified that at the time the agreement was executed nothing was said as to the time within which the property would be sold, but that on divers subsequent occasions defendant stated she would sell it "as fast as she can". It was within the province of the trial court to accept this testimony as against defendant's contradictory evidence.

 At the time of the commencement of this action the defendant had permitted approximately six years to elapse without having made the sale contemplated by the agreement. This was an unreasonable delay and warranted the judgment entered by the court below. In reply to the defendant's contention that she had in good faith attempted to dispose of the property during this six-year period, suffice it to say that examination of the record satisfies us that had a determined effort been made the property in all probability could have been sold for a reasonable price. One of defendant's witnesses testified that in his opinion the property at the time of trial had a market value of approximately $25,000 and that for about a year following the execution of the agreement had a reasonable value of $33,500. The evidence tends to indicate that defendant had several times listed the property with real estate agents at a figure considerably higher than its reasonable market price. Of course, this tended to preclude the consummation of a sale.

 We have examined the entire record and find no merit in the contention that the evidence and findings fail to support the judgment. Nor do we think there was a failure to find on material issues. The trial court very properly concluded that the issue of fraud had been abandoned and

that the cause therefore resolved itself into a proposition of law having to do with the reasonableness of defendant's conduct in failing to sell the property over a period of years.

Defendant next urges that plaintiff's theory of the case fluctuated throughout the trial. Defendant was not prejudiced thereby. A reading of the complaint and the written agreement upon which it is based immediately suggests the material issue to be as found by the court below. The relief granted is well within the pleadings and warranted by evidence.

In view of the trial court's finding that one year constituted a reasonable time within which to sell the property, defendant contends that the statute of limitations commenced to run at the expiration of such period and that plaintiff's cause of action is therefore barred. With this we cannot agree. Repeatedly during the six-year period which elapsed between the execution of the contract and the commencement of this action the defendant verbally stated to the plaintiff that she would sell the property "as soon as she could". There is evidence to the effect that in 1927 defendant stated in response to plaintiff's query that "she would do her best to sell the house", but that "she could not sell it". Plaintiff testified that he "would always write, and all the answer I would get was that it could not be sold". There was also introduced in evidence a letter bearing date December 17, 1928, addressed by defendant to plaintiff, in which she states: "Have been to every real estate office in town they won't even list a twenty year old house." The present action was commenced on September 5, 1930, within two years after defendant's written statement that she was exerting every effort, though unsuccessfully, to sell the property. In view of the foregoing evidence we are of the opinion that defendant is estopped to set up the bar of the statute. (*Phillips* v. *Phillips,* 163 Cal. 530, 535 [127 Pac. 346]; *Perry* v. *Magneson,* 207 Cal. 617, 621, 622 [279 Pac. 650]; *Roper* v. *Smith,* 45 Cal. App. 302, 305 [187 Pac. 454]; *Quanchi* v. *Ben Lomond Wine Co.,* 17 Cal. App. 565, 567 [120 Pac. 427].) Defendant's repeated assertions, both oral and written, that she was endeavoring to sell the property induced the plaintiff to forbear suing until 1930. Under the circumstances, plaintiff is not to be penalized. To hold otherwise would permit the defendant to take ad-

vantage of an omission induced and caused by her own conduct.

In conclusion, we find no error in the trial court's order overruling the demurrer to the complaint.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Thompson, J., and Seawell, J., concurred.