[Civ. No. 18058. Second Dist., Div. One. Aug. 2, 1951.]

BURTON S. DAKE, JR., et al., Plaintiffs, v. R. L. P. SMITH, Appellant; CHARLES B. HOPPER et al., Respondents.

W. Cloyd Snyder and Louis T. Fletcher for Appellant.

Gibson, Dunn & Crutcher and Frank L. Mallory for Respondents.

DORAN, J.—This is an appeal from the order sustaining cross-defendants' demurrer to cross-complainant's third amended cross-complaint without leave to amend and from the judgment that followed.

The action is the result of a transaction for the purchase and sale of real estate. As recited in appellant's brief, "This is an action by Plaintiffs, sellers of certain real estate:

"(a) To compel specific performance of a purported purchase agreement for real estate (for the sum of $45,000.00);

"(b) To require the payment of $4,500.00 brokerage fee into Court by the bank holding same;

"(c) For $50.00 per month rental for the property pending the Court's decision, and following Plaintiff's Notice of Rescission.

"Defendant and Cross-Complainant R. L. P. Smith served a Notice of Rescission upon the Plaintiff before the action was commenced, which fact is alleged in the Third Amended Cross-Complaint.

"Defendant R. L. P. Smith answered and filed a Cross-Complaint against the brokers doing business as Charles B. Hopper Associates, and against the Security-First National Bank for rescission to recover the deposit of $4,500.00 cash made by Defendant and Cross-Complainant. This Cross-Complaint was amended three times, and it is the Third Amended Cross-Complaint which is before the Court on appeal.

"Cross-Defendants Charles B. Hopper Associates demurred specifically to both causes of action in the Third Amended Cross-Complaint on the ground that neither cause of action set forth facts sufficient to constitute a cause of action, and upon the ground of uncertainty. The trial court sustained the Demurrer without leave to amend."

Briefly, it appears from the cross-complaint that the Charles B. Hopper Associates represented the seller in the transaction. The cross-complaint alleges, as correctly recited in appellant's brief, that Smith visited the seller's broker and stated, "That he wanted to buy a place that was immediately contiguous to unimproved and unrestricted terrain where he could ride his horse; that he wanted to buy a place that was immediately contiguous to unimproved and unrestricted terrain approachable without having to ride over paved streets or restricted private property; that he wanted unimproved and unrestricted hill country where there would be no interference or *restrictions* by fences or *private estates.*" The cross-complaint further alleges that in reply to Smith's statement, "That Defendants had exactly what this Cross-Complainant wanted; that it was made to order for Cross-Complainant's use; that it complied with all of Cross-Complainant's requirements as this Cross-Complainant had stated his requirements and described his needs to the said R. V. Crowe (the broker) which are particularly set forth in Paragraph VI hereof." Thee cross-complaint further alleges that appellant then drove to the area where the property described by the broker was located and it appeared from the highway,

"That the said contiguous land appeared from its exposure toward said highway to be extensive, wild, and unimproved and unrestricted terrain suitable for horseback riding, and that said contiguous land then and there appeared to satisfy and comply with all of Cross-Complainant's said requirements as described to said brokers by this Cross-Complainant, and as set forth in Paragraph VI hereof.

"That said contiguous land was covered with trees and wild shrubbery. That as viewed by this Cross-Complainant from the highway as aforesaid, Cross-Complainant did not and could not see any houses or other buildings or improvements upon said contiguous land. That thereupon this Cross-Complainant went to the office of the said CHARLES B. HOPPER ASSOCIATES and signed the purported 'Purchase Agreement'. It is further alleged that appellant relied upon the statements of the broker, but "That shortly thereafter this Cross-Complainant returned to said premises and walked over the said contiguous land, portions thereof being concealed from the highway by the contours of the land and by trees and shrubbery, and that this Cross-Complainant thereupon discovered and learned for the first time that behind said trees and concealed behind the said contours of the land were numerous private estates and property and improvements, none of which could be observed or seen from said highway, and learned that all of said contiguous land was privately owned land, restricted and not available for passage nor for use for horseback riding."

It will be seen from the foregoing that the purchaser was more interested in the character of the "contiguous land" than the property sold, which was about 1½ acres. And the cause of action is based upon the alleged misrepresentations as to the contiguous land, not the land purchased.

It is respondents' contention that "The third amended Cross-Complaint failed to state a cause of action because it showed on its face that appellant did not rely and could not properly have relied on any alleged misrepresentations or mistakes as to whether or not there were houses and fences on the contiguous property." Respondent cites 16 California cases in connection with the argument relating to the above contention. All of these cited cases are appeals from the judgment following a trial. There can be no controversy as to such phases of the within action at this time. ▆ The appeal herein is from an order sustaining a demurrer and it is well settled that for the purpose of determining the sole issue in

such circumstances, the allegations of the complaint must be accepted as true. (*Carruth* v. *Fritch*, 36 Cal.2d 426 [224 P.2d 702]; *Schaffer* v. *Kerber*, 105 Cal.App.2d 645 [234 P.2d 109] (filed July 26, 1951).) There can be no question that appellant's complaint states a cause of action and if at the trial the facts are established as alleged and appellant prevails, the evidence would, under the law, support the judgment. Such questions of fact may not be settled by demurrer. Indeed the evidence may include a "view of the premises" by the trial judge which definitely would be unwarranted in connection with the ruling on a demurrer.

The judgment and order are reversed.

White, P. J., and Drapeau, J., concurred.