[S. F. No. 1228. Department Two.—January 24, 1899.]

SAMUEL DAVIS, Respondent, v. AMOS HART, Administrator, Appellant.

DISMISSAL—FAILURE TO SERVE SUMMONS IN THREE YEARS—DEATH OF DEFENDANT—CONSTRUCTION OF STATUTE.—Under section 581 of the Code of Civil Procedure, as amended in 1889, the failure to serve the summons within three years after its issuance is peremptory ground for dismissal of the action; and it is immaterial that the defendant died within less than one year after the commencement of the action. The time having begun to run during his lifetime, was not suspended by his death, nor by failure to appoint an administrator of his estate.

ID.—UNAMBIGUOUS STATUTE.—It is a cardinal rule that a statute free from ambiguity and uncertainty, needs no interpretation, and interpretation is not allowable when the legislative intent, which it is the office of interpretation to ascertain, is clearly expressed.

ID.—RUNNING OF STATUTE—SUBSEQUENT DISABILITY.—When once a statute of limitations begins to run its running is not suspended by any subsequent disability.

ID.—IGNORANCE OF PLAINTIFF—FAILURE TO OBTAIN ADMINISTRATION.—The ignorance of the plaintiff that the defendant died possessed of an estate, is immaterial; and his failure to have an administrator appointed in time to save the statute was at his risk of losing his debt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Bishop & Wheeler, for Appellant.

Freeman & Bates, for Respondent.

TEMPLE, J.—This action was commenced against George S. Jordan July 1, 1886, by filing a complaint and issuing a summons thereon. The action was upon a promissory note, dated July 1, 1882, due one year after date, without grace. The summons was not served. Defendant then resided, as plaintiff knew, in Sierra county in this state. The suit was commenced on the very last day upon which it could have been brought to avoid the bar of the statute of limitations. That purpose accomplished, plaintiff rested upon his oars, and seven months thereafter defendant died. No administrator was appointed on the estate of Jordan until April, 1896, when plaintiff procured the issuance of letters to defendant. Afterward, the first thing done in the case, the court of its own motion, and without the knowledge of defendant, dismissed the action for want of prosecution. The first appearance in the action on the part of the plaintiff after the issuance of summons was on the twelfth day of June, 1896, in a successful motion to vacate and set aside the judgment so entered. At the same time an order was made substituting Amos Hart, administrator of the estate of Jordan, as defendant, and the clerk was directed to issue a summons directed to the said defendant. The summons was issued and served, and the defendant, appearing specially, moved to quash the summons on the ground that the same was unauthorized by the statute. The motion was denied on the fifteenth day of August, 1896, and defendant excepted. On the fifteenth day of September, 1896, plaintiff filed a supplemental complaint, alleging the death of defendant Jordan, and that the claim had been duly presented to the administrator, and that the administrator rejected the same on the eleventh day of April, 1896. After the motion to dismiss had been denied, defendant demurred to the amended and supplemental complaint, and also answered, always reserving the objection to the further prosecution of the case on the ground that summons was not served, and was not returned within three years after the commencement of the action. The demurrer was overruled, and the case came to a trial, defendant objecting that the court had lost jurisdiction

of the case, and insisting that the same should not be further prosecuted, but should be dismissed as provided in section 581 of the Code of Civil Procedure. The court, however, proceeded, against the protest of the defendant, to try the case, and judgment was for the plaintiff. Defendant appeals from an order denying a new trial, and still insists upon his objection that the court should have dismissed the case under section 581 of the Code of Civil Procedure.

It is not denied that this case is strictly within the language of section 581, as amended in 1889, and that there is no doubt that it is one of a class of cases which that amendment was especially designed to include. It was intended to prevent the indefinite extension of the life of an obligation in spite of the statute of limitations by simply commencing an action. Such obligations should not be kept alive without the knowledge of the debtor, lying in wait for him in case he should acquire further property. It is a matter of general interest that a debtor should know whether the debt is kept alive or not. Uncertainty upon this matter hampers enterprise.

The language of the statute could not be made less ambiguous than it is. "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served and return thereon made within three years after the commencement of the said action, or unless appearance has been made by the defendant."

The language shows that great care was taken to make the statute comprehensive and free from doubt. The repetitions are evidently to remove all possibility of doubt. First the prohibitory form is used: "No action shall be prosecuted," and "no further proceedings shall be had therein." Then the same thing is repeated in the affirmative form: "all actions heretofore or hereafter commenced shall be dismissed." The legislative will is thus not only made sure, but that it is absolute and imperative is manifested. Could there be any doubt that it was

intended to include all actions?   A cardinal rule of interpretation is that a statute free from ambiguity and uncertainty needs no interpretation.   This must be so, for all interpretation and construction is for the purpose of ascertaining the legislative will. When this is clear, interpretation is not allowable.   In such case, it cannot be argued that the result is unjust or against policy. The statute is itself conclusive upon these subjects.

True, the literal sense will not always prevail.   But even in such cases some ambiguity must be found in the statute itself. Thus, a statute making it an offense to lay hands upon a priest carries upon its face a suggestion that the words are not to receive a literal interpretation.   To lay hands upon another is often a mode of stating an act of violence, and plainly it is so used in the statute.   So other parts of the statute may be inconsistent with the more obvious sense of particular provisions, or a policy may be disclosed in the law which would be defeated by a literal interpretation of some special provision; and so, too, sometimes clauses may be restricted in their operation, when it appears from the statute that it was not intended that they should apply to all that would be comprehended by the words literally construed.   And other instances might be mentioned, but in all these cases some reason is found in the statute itself to induce a belief that the legislature did not intend the statute to receive the obvious and literal construction.   In such cases, the statute or clause will be so interpreted, if possible, as to further the general purpose rather than to defeat that purpose; but where, as here, the meaning is free from doubt, and the case in hand is clearly the very case the statute was intended for, and the practice followed is exactly that which the legislature intended to prohibit, construction is out of the question.   We may refuse to obey the law, but we should not cloak our refusal under a pretense of construing language which is unambiguous and cannot be made clearer by any explanation.

It is said this case differs from the case of *Vrooman v. Li Po Tai,* 113 Cal. 302.   I see no difference in principle, but it is immaterial.   Neither the opinion in that case nor any opinion that can be written is less ambiguous than the statute itself, which, as we have said, neither needs nor admits of construction.

But it is said the law is unconstitutional as applied to this case

because it cuts off plaintiff's opportunity to serve his writ before the end of the year within which he could issue his summons. The statute does not allow any particular time within which to serve the summons after its issuance. A plaintiff is required to serve the summons within three years after the suit was commenced. If he allows eleven months to pass before issuing summons, then eleven months of the time allowed him to serve his summons have also passed. His opportunity to serve his summons commenced with the bringing of the action. Here in fact the summons was issued on the day the suit was brought, but that will make no difference. Plaintiff had seven months within which he could have served his summons before Jordan died. The period had commenced to run, and, having begun, it did not stop running because of the subsequent disability, if it could be deemed a disability. There are no exceptions to the bar of the statute except those found in the statute itself (Wood on Limitations, sec. 252), and when the statute has commenced it continues to run, notwithstanding the death of the defendant or an intervening disability, unless it is expressly provided otherwise in the statute. Disability of the defendant does not in any case prevent the running of the statute, nor will ignorance of the creditor as to the residence of the debtor, or that he has property which can be reached, or even of his own right of action, prevent the running of the statute. The fact that Jordan died within the year, and before summons was served on him, is an immaterial circumstance, unless the statute has provided that such circumstance shall prevent the running of the statute. Whenever the statute has commenced to run, delay in bringing an action is always at the risk of an intervening disability, which may, in the absence of statutory saving, prevent suit being brought at all. Section 353 of the Code of Civil Procedure cannot apply to this case, for the time limited for the commencement of the action had run before the death of Jordan. Under that section, a party having a cause of action against the estate of a deceased person is not bound to cause administration to be had, because the statute expressly extends his time for one year after the issuance of letters. Here the condition is reversed; the time continued to run whether letters were issued or not, and, having commenced to run, would have continued to do so

whether the plaintiff could have caused administration to be had or not.

There was no actual hardship here, however, for the creditor could have caused letters to be issued at any time. In no event could his alleged ignorance that Jordan died possessed of an estate cut any figure. All creditors are bound to know such facts at the risk of losing their debt.

The order and judgment are reversed, the cause remanded, and the court is directed to dismiss the action.

McFarland, J., and Henshaw, J., concurred.