[S. F. No. 16417.   In Bank.—Aug. 25, 1941.]

A. W. ADAMS et al., Appellants, v. CALIFORNIA MU-
TUAL BUILDING AND LOAN ASSOCIATION (a
Corporation) et al., Respondents.

JOHN J. BYL et al., Appellants, v. CALIFORNIA MU-
TUAL BUILDING AND LOAN ASSOCIATION (a
Corporation) et al., Respondents.

L. H. Schellbach, Harold C. Holmes, Jr., and Breed, Burpee & Robinson for Appellants.

D. T. Jenkins, Walter Carrington and Patrick J. Kearns for Respondents.

GIBSON, C. J.—These consolidated actions, like the Martin case, S. F. No. 16004, *ante*, p. 478 [116 Pac. (2d) 71], this day decided, present the question whether the plaintiffs, as holders of mutual shares and thrift accounts in the defendant California Mutual Building and Loan Association, are entitled to share in liquidation as creditors on a parity with the holders of investment certificates. The history of the association and the other facts necessary to a decision of this appeal have been stated in the Martin case, and the decision in that case is determinative of the principal issues presented here. However, inasmuch as the trial court here found, contrary to our conclusion in that case, that mutual shares and thrift accounts are subordinate to investment certificates in liquidation, we must, for the reasons stated in the Martin case, reverse the judgment from which this appeal is taken.

The actions here involved are not barred by laches or the running of the statute of limitations. There is uncontradicted evidence in the record that the office of the defendant Building and Loan Commissioner continuously indicated and represented, verbally and in writing, that the decision in the Martin case, which was first instituted and in which pursuant to agreement with him the issues were so framed as to cover the several types of investment here involved, should be determinative of the rights of all persons or groups similarly situated; and that it was in reliance on such representations that these suits were not earlier instituted. Throughout that litigation, as the commissioner paid liquidating dividends to investment certificate holders, he would set aside a proportionate amount to be paid to all "shareholders" should they be classed in that litigation as creditors entitled to parity with investment certificate holders. Under all of the circumstances, the commissioner is estopped to plead laches or the statute of limitations. It is well settled that a person by his conduct may be estopped to rely upon these de-

fenses. (*Rapp* v. *Rapp*, 218 Cal. 505, 509 [24 Pac. (2d) 161] ; *Calistoga Nat. Bank* v. *Calistoga Vineyard Co.*, 7 Cal. App. (2d) 65, 72 [46 Pac. (2d) 246] ; 16 Cal. Jur. 575; 130 A. L. R. 8.) Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense. (*Rapp* v. *Rapp, supra; Miles* v. *Bank of America N. T. & S. Assn.*, 17 Cal. App. (2d) 389, 398 [62 Pac. (2d) 177].) These principles have been applied to hold a defendant estopped to plead the statute where he represented that he would be bound by the outcome of a pending suit. (*Missouri, K. & T. Ry. Co.* v. *Pratt*, 73 Kan. 210 [85 Pac. 141] ; *Daniel* v. *Edgecombe County*, 74 N. C. 494, 130 A. L. R. 8, 60.) Plaintiffs' actions here were seasonably instituted upon discovery of the commissioner's change of attitude as regards the effect of the Martin litigation upon the rights of other investors in the association.

▆ Inasmuch as these are representative actions, brought on behalf of named plaintiffs and others similarly situated but not represented in corresponding litigation, any award of counsel fees should be paid out of that portion of the fund recovered by those for whose benefit these actions were brought. (*In re Pacific Coast Bldg.-Loan Assn.*, 15 Cal. (2d) 155, 157 [99 Pac. (2d) 261].) The reasonableness of any such award of counsel fees is for the determination of the trial court when the causes are remanded, as they must be, for further proceedings in conformity with the views and conclusions expressed in the Martin decision.

The judgment is reversed with directions to the trial court to proceed as herein indicated.

Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

I concur in the judgment. Curtis, J.