[Civ. No. 13031. Second Dist., Div. Two. Sept. 29, 1941.]

THOMAS LANGDON, Respondent, v. J. G. LANGDON, Appellant.

Morgan & Davidson for Appellant.

Ticknor & Maxwell, Roland Maxwell and Walter R. Farrell for Respondent.

WOOD, J.—This action was commenced on February 26, 1940, for the recovery of a sum alleged to be due plaintiff under the terms of an oral contract by which defendant agreed to pay plaintiff the sum of $100 in addition to hourly wages for each house painted by plaintiff. Defendant has appealed from a judgment in plaintiff's favor in the sum of $4200.

Plaintiff is the father of defendant. In December, 1936, defendant entered the business of buying vacant lots and building houses on them for sale. Plaintiff and defendant had worked together as house painters. In March, 1937, plaintiff entered into an oral agreement with defendant under the terms of which plaintiff was to paint all houses then under construction or thereafter to be constructed by defendant and defendant was to pay plaintiff an hourly wage for his work and in addition a bonus of $100 for each house painted. Within a year after the agreement was made plaintiff demanded the $100 bonus for each house which he had painted but was informed that defendant could not pay the bonus at that time. At defendant's request plaintiff agreed to wait for his bonus until after defendant had made a good start in the building business. At that time and on several occasions thereafter defendant stated that it would require about three years to get a good start in the building business. Plaintiff continued to work for defendant for approximately two and one-half years until he was discharged in July, 1939, following his demand and defendant's refusal to pay the bonus. Prior to his discharge plaintiff had painted a total of 50 houses, upon 42 of which the bonus of $100 per house was proved to be due and unpaid at the time of trial.

It is contended by defendant that the trial court's finding that there was a binding oral agreement between the parties to pay plaintiff a bonus of $100 for painting each house is not supported by the evidence. Plaintiff testified that in March, 1937, after they had finished constructing a house, he told defendant that he was through, that he did not intend to continue working for daily wages but was going to get his own painting contracts. Defendant then requested plaintiff not to leave him and stated: ''I will give you $100.00 on every house besides the painting, and if I do well and can give you more, I will.'' Plaintiff replied, ''O. K., son; if that is satisfactory with you, it is all right

with me; but I am not working by the day after putting all these years in working up to this together and you get everything and I get nothing, because I am getting too old to go out and get business.'' Subsequently, in February of 1938, plaintiff demanded that the $100 bonus for each house painted be paid to him and defendant replied: ''Gee Dad! It takes about three years to get started. I told you that before. It takes about three years to get started in the building business. I can't do anything for you now. Be patient and you will get your money.'' Plaintiff then agreed to be patient provided he got his money. On several other occasions defendant requested plaintiff to delay the collection of the bonus due him until after defendant had made a good start in the building business, which defendant estimated would require about three years. Viewed in the light favorable to plaintiff, the evidence supports the finding of the trial court as to the existence of a valid oral agreement.

It is contended that the action is barred by the statute of limitations. The trial court found upon substantial evidence that when the oral agreement was made in March, 1937, no time for the payment of the bonus was fixed; that after entering into the agreement defendant repeatedly requested plaintiff to delay the collection of the bonus until defendant would be well started in the building business, which defendant estimated would require three years time; and that plaintiff solely because of such requests delayed the collection of the bonus until July, 1939, at which time he demanded that the bonus be paid. The rule applicable is set forth in *Calistoga Nat. Bk.* v. *Calistoga V. Co.*, 7 Cal. App. (2d) 65, 72 [46 Pac. (2d) 246]: ''It is a well-established rule of law that when the act or promise of one person causes another in reliance thereon to do or forbear from doing a thing to his detriment, which he would have otherwise performed, the promisor is estopped from taking advantage of the act or omission of the promisee. The violation of such a promise amounts to fraud and estops the promisor from repudiating the agreement on the doctrine of equitable estoppel.'' In *Miles* v. *Bank of America etc. Assn.*, 17 Cal. App. (2d) 389 [62 Pac. (2d) 177], the plaintiff ''was repeatedly assured that if he would be patient and wait, the bank would carry out its agreement.'' In holding that the defendant was estopped from setting up the bar

of the statute the reviewing court stated: "Where the delay in commencing action is induced by the conduct of the offending party it cannot be availed of by him as a defense. (*Mitchell* v. *J. H. Roth & Co.,* 124 Cal. App. 96, 99 [12 Pac. (2d) 91].) Nor is it necessary that the promisor shall sign a written agreement to waive the statute of limitations to bar him from subsequently repudiating his agreement. (*Calistoga Nat. Bk.* v. *Calistoga V. Co., supra.*) The authorities are uniform to the effect that the conduct of a promisor, or even his silence under certain circumstances, may result in an equitable estoppel. ▮ The trial court was justified in holding that the action was not barred.

▮ In his complaint plaintiff set forth three causes of action. In one count he sought to recover the reasonable value of work and labor performed at defendant's request; the second count was based upon an express oral agreement and the third count upon an account stated. Prior to filing his answer defendant demanded a bill of particulars which plaintiff accordingly furnished. The bill of particulars specified that "each item of $100.00 became due and payable at the date of completion of construction of each and every house." At the conclusion of the trial plaintiff moved the court to amend his pleading to conform to the proof and to strike from his bill of particulars the portion above quoted regarding the due date of each $100 item. The motion was granted and defendant now contends that the court abused its discretion in permitting plaintiff to amend his bill of particulars. Since the bill of particulars was furnished in connection with the cause of action which was based upon an account stated (Code Civ. Proc., sec. 454) it is obvious that defendant could only be prejudiced by the ruling in question in the event that the judgment should be based upon the third cause of action. The findings of fact upon which the judgment is based are entirely silent as to any matters concerning an account stated, but the existence of the oral agreement is expressly found. It must be assumed therefore that the judgment was based upon the oral agreement and not upon an account stated. The court's action in permitting the amendment of the bill of particulars could not have been prejudicial to defendant since the bill of particulars was furnished in connection with the cause of action upon which the judgment was not based.

It is also contended that the court erred in denying defendant's motion for a new trial. In support of his motion for a new trial on the ground of newly discovered evidence defendant set forth in his affidavit that after the conclusion of the trial he had discovered some cancelled checks made by defendant which were payable to plaintiff; that the checks were marked "paid in full" and represented an accord and satisfaction as to a portion of the money which plaintiff claimed to be due him. In an effort to show diligence defendant alleged that prior to the commencement of the action he had moved all of his cancelled checks and business records from Alhambra to West Los Angeles where they were stored in boxes in the garage of his new residence; that although he searched through the stored records prior to trial he failed to discover the checks in question; that his failure to discover the checks until after the trial was due to the fact that the box in which they were found had been placed on a shelf in an out-of-the-way place in his garage by one of the moving men.

New trials on the grounds of newly discovered evidence are not favored and even if the showing is apparently a strong one much depends upon the sound discretion of the trial judge. (*Berkowitz* v. *Kiener Co.*, 37 Cal. App. (2d) 419 [99 Pac. (2d) 578].) By subdivision 4 of section 657 of the Code of Civil Procedure it is provided that the newly discovered evidence which will justify the granting of a new trial must be such as could not, with reasonable diligence, have been discovered and produced at the trial. It is established that a party who seeks a new trial upon the ground of newly discovered evidence "will not be allowed a new trial for the purpose of introducing evidence known to him and obtainable at the time of trial, or which would have been known to him had he simply exercised reasonable effort to discover and present it." (*Dasso* v. *Bradbury*, 39 Cal. App. (2d) 712, 717 [104 Pac. (2d) 128].) Since the checks in question were made by defendant personally it must be assumed that he had knowledge of their existence at the time of trial. Notwithstanding this fact no mention of the presumably lost checks was made at the trial and no attempt was made to introduce secondary evidence of their contents.

34

We find no abuse of discretion on the part of the trial court in denying the motion for a new trial.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 27, 1941.