[Civ. No. 18043.   Second Dist., Div. One.   July 26, 1951.]

PAULA SCHAEFER, Appellant, v. NATHAN KERBER et al., Respondents.

Chas. A. Son and Joseph D. Taylor for Appellant.

Betts, Ely & Loomis for Respondents.

DORAN, J.—This is an appeal from the order of dismissal. In this action for damages the demurrer to the amended complaint was sustained with 10 days to amend. No amended

complaint was filed and about three months later the action was dismissed on motion of defendant.

It appears from the record that the alleged injury occurred on May 8, 1948, and the action was filed June 17, 1949. It is alleged that the conduct of the insurance company, acting as defendants' agent, tolled the statute of limitations. In that connection the complaint in substance alleges, as recited in appellant's brief, "that in February or March, 1949, the defendant's insurance company requested the plaintiff to submit to a physical examination by its doctor and the plaintiff did so submit to an examination; (2) that prior to March 1, 1949, the defendant's insurance company informed the plaintiff that it was necessary to secure the approval of the home office before the claim could be settled, and thereby caused the plaintiff to believe that the only question in dispute was the amount of the claim; (3) that prior to May 8, 1949, the company discussed with the plaintiff only questions concerning the extent of her injuries, the amount of her claim and did not advise the plaintiff that any doubt existed as to legal liability; (4) that on or about March 1, 1949, the company told the plaintiff that she would be informed as to the company's disposition of her claim; (5) that the company knew the plaintiff had employed no attorney and was endeavoring to negotiate a settlement without an attorney; (6) that plaintiff did not know her claim for personal injuries was barred in a year; (7) that between March 1, 1949, and May 8, 1949, the plaintiff endeavored to communicate with the company to ascertain whether the company would pay her claim; (8) that relying on the insurance company, the plaintiff did not seek legal advice; (9) that the company did not inform the plaintiff of the disposition of her claim until or about May 16, 1949, at which time the company advised the plaintiff that it recognized no liability and the claim was outlawed." It is also alleged "that the purpose of said company, acting as defendant's agent, in failing to notify plaintiff of the disposition of her claim and in representing to the plaintiff that the only question involved was a question of the extent of her injury and the amount which the company would pay on said claim was to prevent the plaintiff from filing a lawsuit until after the statute of limitations had run so that the claim would be outlawed. That by reason of the conduct of the agent duly authorized by the defendants to act on behalf of the defendants as herein set forth, said defendants are estopped to set up the statute of limitations."

Respondent contends that "The fact that the plaintiff may not have known that her claim for personal injures was barred

by the statute of limitations one year after the accident, cannot excuse her filing said action after the year had elapsed,'' and that ''There is no allegation in the complaint that the insurance company had knowledge of plaintiff's ignorance of the statute of limitations, or that the insurance company in any way attempted to mislead her or deceive her as to the running of the statute of limitations.'' It is also argued that there was no duty on the part of the insurance company to advise plaintiff and in substance that no fraud is involved.

The situation here presented is somewhat similar to that presented in *Carruth* v. *Fritch*, 36 Cal.2d 426 [224 P.2d 702]. There at page 429 the opinion recites: ''In considering the ruling upon the demurrer, the allegations of the complaint must be accepted as true. The question, therefore, is whether, under the facts pleaded by Miss Carruth, the statute of limitation has been tolled and an action may be maintained to recover for the injuries claimed to have been received.'' And in *Berkey* v. *Halm*, et al., 101 Cal.App.2d 62 [224 P.2d 885, at p. 889], appears the following: ''It is well settled that a person, by his conduct, may be estopped to rely upon the defense of the statute of limitations; and where the delay in commencing action is induced by the conduct of the defendant, it cannot be availed of by him as a defense. (Citing cases.)''

In the within action the complaint raises the issue as to whether respondent insurance company intentionally and purposely delayed the progress of the transaction. And as above noted in considering the ruling on the demurrer the allegations must be accepted as true.

The order of dismissal is therefore reversed.

White, P. J., and Drapeau, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 20, 1951.