[Civ. No. 16373.   First Dist., Div. Two.   July 22, 1955.]

ALYSSEE I. RILEY GAGLIONE, Appellant, v. MARGARET W. COOLIDGE, Respondent.

Joseph A. Brown for Appellant.

Frank J. Mahoney for Respondent.

KAUFMAN, J.—This is an appeal from a judgment entered on an order sustaining respondent's demurrer without leave to amend to appellant's third amended complaint.

Four different complaints were filed by appellant. The original complaint filed on August 26, 1953, contained two counts, one to quiet title and one for specific performance of an oral contract to convey real property. Respondent Margaret Coolidge was sued individually and as executrix of the estate of her father, David Kelly, deceased. A demurrer to this complaint having been sustained, appellant filed the first amended complaint which consisted of one count for specific performance. Following the sustaining of a demurrer to this complaint, the second amended complaint was filed. It contained three counts, one for specific performance; one for damages, actual and punitive, and one for money had and received. A demurrer to this complaint was also sustained with leave to amend and a motion to strike granted.

The third amended complaint was for declaratory relief seeking a declaration of appellant's rights and duties in respect to certain real property therein described. It was then alleged ''That an actual controversy has arisen between plaintiff and said defendant, Margaret W. Coolidge, relating to the legal rights and duties of said parties, to wit, that plaintiff contends that plaintiff is entitled to the execution and delivery to plaintiff by said defendant, Margaret W. Coolidge, of a good and sufficient grant deed, granting and conveying the aforesaid real property in fee simple absolute to plaintiff, or, in the alternative, to the recovery from said defendant of the sum of $3,209.68, being the amount heretofore paid by plaintiff to said defendant pursuant to the terms of an oral contract wherein and whereby the said defendant agreed to sell and convey the said real property in fee simple to plaintiff; that said defendant, Margaret W. Coolidge, denies all and singular the aforesaid claims of plaintiff.''

Respondent demurred to the third amended complaint on the grounds that (1) it did not state a cause of action; (2) that no cause of action was stated inasmuch as any claim for relief was barred by the provisions of section 339, subdivision 1, Code of Civil Procedure; (2) that it was uncertain in several particulars, that it was ambiguous and unintelligible.

It may be observed that this complaint is certainly subject to numerous defects raised by the special demurrer, but if the special demurrer had been sustained, leave to amend should

have been granted. Respondent contends, however, that the demurrer was properly sustained without leave to amend, since the action was barred by the statute of limitations (Code Civ. Proc., § 339, subd. 1) and furthermore did not state a cause of action for declaratory relief under section 1060 of the Code of Civil Procedure.

Appellant's first contention, that the trial court committed error in sustaining the demurrer to the second amended complaint, may be disposed of briefly. ■ Appellant chose to amend and filed the third amended complaint. She therefore waived any error in these rulings if error had been committed by the court in sustaining the demurrers. (*Metzenbaum* v. *Metzenbaum,* 86 Cal.App.2d 750 [195 P.2d 492]; *Dalzell* v. *Kelly,* 104 Cal.App.2d 66 [230 P.2d 830]; *Sheehy* v. *Roman Catholic Archbishop,* 49 Cal.App.2d 537, 540 [122 P.2d 60].) Even if we assume that appellant could object at this stage of the proceedings to the sustaining of the demurrer to the second amended complaint with leave to amend, that complaint was subject to a great number of objections raised by special demurrer, and on that ground the ruling of the trial court may be upheld. Appellant has attacked this ruling simply on the ground that the statute of limitations may not be resorted to by respondent, because that complaint shows facts concerning respondent's conduct which give rise to an estoppel to plead the bar of the statute.

It is next contended that the third amended complaint stated a good cause of action for declaratory relief. Appellant stated that it has been held that a complaint for declaratory relief is sufficient where it shows the existence of an actual controversy (*Tolle* v. *Struve,* 124 Cal.App. 263 [12 P.2d 61]; *Northwest Cas. Co.* v. *Legg,* 91 Cal.App.2d 19 [204 P.2d 106]; *Dowd* v. *Glenn,* 54 Cal.App.2d 748 [129 P.2d 964]), and that plaintiff need not allege facts showing that the adverse party has breached the terms of an agreement. *Pacific States Corp.* v. *Pan American Bank,* 213 Cal. 58 [1 P.2d 4, 981].) ■ It is sufficient if facts showing the existence of an actual controversy relating to the legal rights and duties of the parties are alleged, and the court is asked to adjudge these rights and duties. (*Oldham* v. *Moodie,* 94 Cal.App. 88 [270 P. 688].)

While it is true that the third amended complaint states that a controversy exists in relation to the rights and duties of the parties under an oral contract to convey real property, and therefore would appear to state a case for declaratory

relief under section 1060, Code of Civil Procedure, the court may refuse to exercise its power under that section in any case where its declaration or determination "is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.) ■ That declaratory relief may be proper under an oral contract is now established. (15 Cal. Jur.2d 230, § 72.)

It is true that the action of the trial court in denying declaratory relief by sustaining a general demurrer to the complaint rather than by deciding the matter after answer has been filed has been criticized (*Moss* v. *Moss,* 20 Cal.2d 640 [128 P.2d 526, 141 A.L.R. 1422]), still such error has not been considered prejudicial unless an abuse of discretion is affirmatively shown on appeal. (15 Cal.Jur.2d 166, § 37; *Lord* v. *Garland,* 27 Cal.2d 840 [168 P.2d 5].)

In the instant case the alleged controversy consists of plaintiff's contention that she is entitled to the execution of a deed to the property involved in the oral contract, in other words, specific performance of said contract, or in the alternative to the recovery of the money already paid pursuant to the terms of the contract. This was the fourth complaint filed in this action. The two prior complaints had demanded specific performance, and the second amended complaint sought specific performance, compensatory damages, and punitive damages for fraud. On the fourth attempt, appellant has switched to the theory of declaratory relief, but the complaint still discloses that she is seeking specific performance of an oral contract to convey real property, or in the alternative, restitution of the money paid thereunder. Appellant is therefore attempting to state the same causes of action set forth in the prior complaints. The court could properly conclude, therefore, that appellants had a sufficient remedy in a suit for specific performance or damages. ■ If, however, the court can determine that the complaint may be amended to state a cause of action it would be an abuse of discretion to sustain the demurrer without leave to amend. (*Wennerholm* v. *Stanford Univ. School of Medicine,* 20 Cal. 2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].)

It is necessary to decide, therefore, whether a cause of action is stated in either specific performance or damages for money paid out pursuant to the oral contract. Respondent contends that these causes of action are barred by the Statute of Limitations, and that the second amended complaint shows on its face that such is the fact. Appellant argues

that the second amended complaint has been completely superseded by the third amended complaint, and may not be referred to in order to disclose such a defense. She contends further, that if such defense is disclosed, the second amended complaint also contains allegations showing conduct and representations of respondent which give rise to an estoppel to assert such defense.

It is true that the general rule is, as stated by appellant, that the statute of limitations is not available on demurrer unless all the facts which defendant would be required to prove appear on the face of the complaint. (*Stafford* v. *Russell*, 117 Cal.App.2d 319 [255 P.2d 872]; *Los Angeles County* v. *Security First Nat. Bank*, 84 Cal. App.2d 575 [191 P.2d 78].) The cases cited by appellant, however, do not deal with the question now before us, that is whether the prior verified complaint can be resorted to in an attack on the later complaint.

In *Owens* v. *Traverso*, 125 Cal.App.2d 803 [271 P.2d 164], the court had before it this same problem (p. 804): "When prior verified complaints contain allegations that are destructive of any cause of action, can the defect be cured by omitting such allegations in complaints subsequently filed, without a proper explanation as to why the prior allegations were omitted?" The court decided that "The answer must be that, although prior complaints are normally superseded by subsequent ones, and should be disregarded, a pleader cannot cure a defect in a verified complaint by simply, without legal explanation, omitting such allegations from subsequently filed pleadings. In such a case the original defect infects the subsequent pleading so as to render it vulnerable to a demurrer . . . (808). It is undoubtedly the general rule of law that an amended pleading takes the place of the original, and that thereafter the superseded complaint performs no function as a pleading. (Citations.) But to this general rule there is an equally well settled exception. This exception is to the effect that if in the prior verified complaint there are allegations destructive of the cause of action, the defect cannot be remedied by simply omitting, in subsequently filed pleadings, without proper explanation, such allegations." (And see *Lee* v. *Hensley*, 103 Cal.App.2d 697, 709 [230 P.2d 159].)

Since appellant has omitted from the third amended complaint all of the dates and many other important facts alleged in the prior complaint, the second amended complaint

may be referred to, to determine whether the statute of limitations has barred the causes of action alleged, or whether the complaint is otherwise fatally defective.

The second amended complaint alleged that respondent Margaret Coolidge, David Kelly and his wife, Inez, were on April 1, 1946, the owners in fee simple in joint tenancy of certain real property thereafter described; that the Kellys by themselves and through their duly authorized agent, respondent Margaret Coolidge, orally agreed to sell and convey to appellant said property for the sum of $8,500, of which $1,000 was to be paid upon the execution of the agreement and the balance thereafter at the rate of $65 per month. It was alleged that the agreement was just, reasonable and equitable, and the consideration just and adequate.

The complaint then relates that Inez Kelly died on January 5, 1949, and her interest vested in David Kelly and respondent; that thereafter David Kelly and respondent became record owners of said property as tenants in common; that later, by virtue of the will of David Kelly, respondent became record owner in fee simple absolute of the said property which was distributed to her on April 20, 1953. It was further alleged that respondent and the Kellys at the time of the execution of the agreement represented that the terms and conditions thereof would be put in writing; that pursuant to the oral agreement appellant paid the sum of $1,000 and was let into possession of the property. Thereafter she paid $65 per month thereon until September 1948.

Paragraph VIII of the complaint sets forth sums expended by appellant for taxes, repairs and improvements up till September 1948. Paragraph XI alleges that appellant remained in possession until September 12, 1952.

Paragraphs XII and XIII read as follows:

## "XII.

"That plaintiff ceased making the said payments of $65.00 per month during the said month of September 1948 for the reason that said defendant Margaret W. Coolidge then and there stated, declared and represented to plaintiff that by the fact the aforesaid contract agreement was not in writing the same was invalid and unenforceable and that under the law plaintiff had not acquired in writing title or interest in or to the said real property, or any part thereof, and that it would be necessary for plaintiff to remove from and vacate the said real property; the said defendant Mar-

garet W. Coolidge then and there further falsely and fraudulently stated and represented to plaintiff that if the plaintiff would remove from and vacate the said real property she, the said defendant, would pay to plaintiff all monies paid by plaintiff under and by virtue of the said oral agreement, together with all sums expended by plaintiff in improving the said real property, and all monies expended by plaintiff for taxes, to and including the date that plaintiff vacated and removed from the said real property; that plaintiff was wholly unversed in and ignorant of the law and the said defendant Margaret W. Coolidge was well acquainted with the law in the premises and had the advice of counsel in respect thereto; that plaintiff was not then and there represented by counsel and had no advice of counsel concerning her rights in the premises, and that plaintiff absolutely and implicitly trusted and relied upon the statements of the said Margaret W. Coolidge with respect to her rights in the premises and further relied upon the aforesaid promises of said defendant to repay to plaintiff all of the aforesaid sums paid or expended by plaintiff toward the purchase price of the said real property and for the aforesaid improvements thereon; and that, in reliance thereon, plaintiff removed from and surrendered the possession of said real property on the 12th day of September, 1952.

"XIII.

"That during the entire period between the month of September 1948 and the day last aforesaid, to wit, the 12th day of September, 1952, the said defendant Margaret W. Coolidge repeatedly and continuously stated, declared and reiterated to plaintiff that plaintiff should say nothing concerning the premises to the father or the mother of said defendant Margaret W. Coolidge, and that when the said father and mother of said defendant had died, she, the said Margaret W. Coolidge, would settle and adjust the matter of the purchase of the said real property and the whole thereof, by the plaintiff to the complete satisfaction of said plaintiff; and that during all of said period of time the said defendant Margaret W. Coolidge urged and requested plaintiff to pay all of the taxes upon the said real property; and that plaintiff, solely in reliance upon the said promises and assurances of said defendant, and not otherwise, paid all of the taxes on the said real property and the whole thereof during all of the period last aforesaid."

It was further alleged that in order to prevent appellant from taking any steps to protect her rights respondent presented to appellant a certain compromise agreement of appellant's claim in the estate of David Kelly, deceased, which recited the payments theretofore made on the property. The purported petition prayed for payment of this sum, half from the proceeds of the estate, and further ordered respondent individually to pay appellant a like sum to secure a release of the remaining one-half of the property. Said petition was, it is alleged, never filed by respondent, but she applied for and obtained a decree of the superior court distributing all of said property to respondent. Appellant alleged that she wholly relied upon respondent's representation and statements, and but for them would have continued making all payments required under the contract. In June 1953, she learned for the first time when she consulted an attorney after she failed to receive the money under the purported compromise agreement, that respondent's representations had been false in regard to the invalidity of the oral contract.

Neither the second amended complaint nor the third, state a cause of action for specific performance nor can they be amended to state one, since appellant has disclosed that she moved out of possession of the property in 1952. ■ Possession will take an oral contract to convey real property out of the statute of frauds, but payment of money alone will not. (See *Hambley* v. *Wise*, 181 Cal. 286 [184 P. 9], 23 Cal.Jur. 467-468, § 35; p. 470, § 37.)

The only question remaining, then, is whether there is a cause of action stated in the third amended complaint for restitution of the money paid by appellant under the oral contract. Respondent contends that the second amended complaint clearly discloses that such cause of action is barred by the statute of limitations (Code Civ. Proc., § 339, subd. 1), since the oral contract to convey was repudiated by respondent in September 1948, and this repudiation was acknowledged by appellant, for at that time she ceased making the monthly payments under the contract. If respondent is correct in her interpretation that there was an absolute repudiation of the contract at that time, then the statute would commence to run from that time on both the breach and damages for the breach, and the action would be clearly barred unless respondent is estopped to plead the statute.

However, Paragraphs XII and XIII of the complaint while somewhat uncertain and ambiguous show a course of

negotiations in regard to the repayment of the money which extended from September 1948 until September 1952, when in reliance on respondent's promises to repay, appellant finally surrendered the property. One of the vendors David Kelly had died in September 1951, and respondent was appointed executrix of his estate on June 27, 1952, and in this capacity she pretended to negotiate with appellant in regard to repayment of the purchase price. Throughout the years 1948 to 1952, appellant remained in possession of the property, paying the taxes thereon. It must be taken as true, that appellant removed from the property in September 1952 in reliance on the continuing promise of respondent that she would repay appellant. ██ While the representation that the oral contract was void is a representation of law upon which appellant was not entitled to rely, there being here no confidential relationship, the representation that respondent would repay the purchase price is certainly a representation of fact. Any breach of the final agreement in regard to repayment arose sometime after September 12, 1952, and therefore cannot be said to have been barred at the time this action was brought by either the statute of limitations or by laches.

If we view the pleadings as showing an absolute repudiation and breach of the contract in September 1948 which would start the statute running against appellant's claim to a repayment of the purchase price, the same pleadings which disclose the breach also show that appellant was lulled into delaying the prosecution of her claim by a continuous course of misleading conduct on the part of respondent. █ It is well settled that where delay in commencing an action is induced by the conduct of the defendant, he cannot avail himself of the defense of the statute. (*Adams* v. *California Mut. Bldg. & Loan Assn.*, 18 Cal.2d 487 [116 P.2d 75]; *Langdon* v. *Langdon*, 47 Cal.App.2d 28 [117 P.2d 371]; *Berkey* v. *Halm*, 101 Cal.App.2d 62 [224 P.2d 885]; *Schaefer* v. *Kerber*, 105 Cal.App.2d 645 [234 P.2d 109].) In *Industrial Indem. Co.* v. *Industrial Acc. Com.* 115 Cal.App.2d 684, 690 [252 P.2d 649], it is said that "Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made, may create an estoppel against pleading the statute. (Citations.) An insurer cannot hold out a hope of amicable adjustment of a claim and thus delay action against it, and then plead the delay caused by its own conduct as a defense to an action when brought."

██ It would be absurd if the superseded second amended

complaint could be examined to determine the date of the breach, as respondent apparently contends, in order to reveal the defense of the statute of limitations, but could not be examined as to the allegations in that same pleading which show that the defense may not be availed of because of estoppel. While it is settled that such a superseded pleading may not be examined to supply defects in the later complaint (*Cross* v. *Tustin*, 111 Cal.App.2d 395 [244 P.2d 731]), the purpose of the examination here is not to aid the complaint, but to determine whether the defense of the statute of limitations may be taken advantage of by respondent.

We hold that the court was in error in sustaining the demurrer without leave to amend, inasmuch as appellant may be able to state a good cause of action for repayment of the money. It is suggested that when another amendment is made, appellant will cure the ambiguities and uncertainties which are so prevalent in all the earlier pleadings.

Judgment reversed.

Nourse, P. J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 15, 1955.