[Civ. No. 31449.   Second Dist., Div. Two.   June 13, 1967.]

RAYMOND KENNETH HILL et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CHRISTMAS PARR, Real Party in Interest.

Chase, Rotchford, Drukker, Bogust & Tucker and Vincent Fish for Petitioners.

No appearance for Respondent.

Behymer, Hoffman & Hunt and Ralph W. Hoffman for Real Party in Interest.

McCOY, J. pro tem.*—This is a petition for a writ of mandate to require the superior court to dismiss the action now pending before it entitled *Parr* v. *Hill and Safeway Stores,* number SEC 1992 (S), because of the failure of plaintiff to comply with section 581a, Code of Civil Procedure. That section provides that no action shall be further prosecuted and all actions ''must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, . . . unless the summons shall be served and return thereon made within three years afer the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. . . . provided, that, . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to

*Assigned by the Chairman of the Judicial Council.

prevent the service of summons on him." The petition is opposed by the real party in interest who is the plaintiff in the action.

Plaintiff, Christmas Parr, a realtor, was injured in a collision on September 17, 1962, between his automobile which was stopped for a traffic signal and a truck owned by Safeway Stores operated by one Hill as its agent. On October 30, 1962, Parr's attorneys advised Travelers Insurance Company, the insurance carrier for Safeway Stores, by letter of the happening of the accident and that they would make further contact after the extent of Parr's injuries were ascertained.

Plaintiff's complaint was filed and summons issued on August 28, 1963. Hill was served with the summons and complaint on September 8, 1963, and shortly thereafter plaintiff's attorney, Ralph Hoffman, notified William Harmon, Travelers' adjuster, of the filing of the action and of the service of the summons on Hill. On being informed by Harmon that Travelers was ready to discuss settlement, Mr. Hoffman orally assured Mr. Harmon that it would not be necessary to plead as long as settlement negotiations were active. On September 24, 1963, Mr. Hoffman by letter confirmed the filing of the action, but said nothing of the open extension of time to plead. The defendant Safeway Stores was never served with summons.

Negotiations with Travelers for settlement of Parr's claim continued until late in 1965 or possibly until "the early part of 1966." In October 1964 Travelers' adjuster had informed Parr's attorneys that Travelers was not denying liability and that the only issue was the amount of Parr's claim. The record indicates that as late as September 28, 1965, plaintiff was still demanding $49,000, but that Mr. Hoffman, his attorney, was advising him "to come down to a $30,000.00 figure if a settlement could be made, but this seems to be probably an impossibility under the present situation," because, according to Mr. Hoffman's letter of that date to Parr, Mr. Harmon had "eventually [come] up to $10,000.00, which he expressed as very close to the limit at which the company would go." However, Mr. Harmon denies that he had made any offer of settlement. At the same time Mr. Hoffman denies that, at their conference on September 28, 1965, Mr. Harmon suggested to him "that he should serve his lawsuit."

On November 11, 1965, Mr. Hoffman and Mr. Harmon again discussed a settlement of the case. At this conference Mr. Harmon indicated to Mr. Hoffman "that it would be neces-

sary for plaintiff to develop more detailed information from his income tax returns for the last five years, to substantiate his claim.''

In his declaration in opposition to defendants' motion to dismiss Mr. Hoffman says, in substance, that after the meeting of November 11, 1965, he asked plaintiff's wife, who was also his accountant and bookkeeper, to develop the desired information, but that, ''In the early part of 1966,'' before she was able to do so, ''MRS. PARR was in a serious automobile accident herself, and was hospitalized and unable to work for several months, after which time she had to undergo serious abdominal surgery, which again made it impossible for her to work for another period of several months.'' Mr. Hoffman alleges further that in ''the early part of 1966 MR. HARMON called me to ascertain if I had the additional information for him, and I advised him of the condition of MRS. PARR, and that the information would be made available to him as quickly as she was physically able to prepare same.'' Mr. Harmon denies that he had any communication from Mr. Hoffman after November 11, 1965. Assuming that Mr. Hoffman is correct in alleging that he had a call from Mr. Harmon ''In the early part of 1966,'' it seems clear from the whole of Mr. Hoffman's declaration that, at most, he could then have advised Mr. Harmon only of Mrs. Parr's automobile accident in ''the early part of 1966.'' There is no showing that Mr. Hoffman thereafter advised Mr. Harmon of Mrs. Parr's hospitalization and inability to work for several months by reason of her accident, or of her subsequent surgery which made it impossible for her to work for another period of several months.

Viewing the record as we find it in a light most favorable to plaintiff there is no doubt that his attorney made no effort to communicate with Mr. Harmon after ''the early part of 1966,'' although he knew that any further negotiations for settlement depended on his furnishing the information requested by Mr. Harmon in November 1965, that furnishing of that information was being unavoidably delayed for many months because of Mrs. Parr's physical condition, and that time was running against his client's interests. Plaintiff's position is in no way benefited by the fact that Travelers ''did not at any time, either orally or in writing, advise [his attorney] that it was ceasing to negotiate settlement of this case, or that plaintiff's claim was rejected,'' since Travelers was under no obligation to so advise Mr. Hoffman.

No appearance was made in court by either of the defend-

ants until December 1966 when both Hill and Safeway Stores joined in a motion to dismiss the action for the failure of Parr to serve and return summons within three years after August 28, 1963, the date on which the action was commenced. This motion was denied by the trial court and defendants have now petitioned this court for relief.

In support of the motion in the trial court defendants argued that the three-year limitation of section 581a as to service and return of summons is mandatory. They there relied primarily on *Gonsalves* v. *Bank of America,* 16 Cal.2d 169 [105 P.2d 118], as quoted in later cases, where it was held that the provision of section 581a here under discussion "is 'jurisdictional' in the sense that the court has no power to excuse the delay . . . It has power to act only in a certain way, that is, by ordering a dismissal." (P. 172.)

Parr's opposition to the motion in the trial court was based on the doctrine of equitable estoppel. His contention was that the doctrine was available to him to prevent defendants from relying on the statute of limitations as a defense. In our opinion the doctrine of equitable estoppel is not applicable to the case before us. Defendants here do not and could not rely on the statute of limitations as a defense, since the action was filed well within a year after the accident. As the court said in *J. A. Thompson & Sons, Inc.* v. *Superior Court,* 215 Cal.App.2d 719, at page 722 [30 Cal.Rptr. 471], "the purpose of the statute of limitations is distinct and apart from that of the time limitations contained in 581a. The statute of limitations is concerned only with the timeliness of instituting an action, while section 581a is concerned with the speedy prosecution of an action after such action has already been commenced."[1]

For the present purposes we assume that upon a sufficient factual basis the doctrine of equitable estoppel might be invoked to avoid the mandatory requirements of section 581a that an action "must be dismissed by the court . . . on its own motion, or on the motion of any party interested . . ."

---

[1]*J. A. Thompson & Sons, Inc.* v. *Superior Court,* 215 Cal.App.2d 719 [30 Cal.Rptr. 471], insofar as it is contrary to the views expressed" in *Cross* v. *Pacific Gas & Elec. Co.,* 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353], was disapproved in that case, but not as to the point for which it is cited here. The court was there concerned only with the question of whether the running of the statute of limitations for wrongful death actions was suspended during the period of a plaintiff's minority, and not with the purpose of the statute of limitations as distinct from the purpose of the time limitations contained in Code of Civil Proceedure, section 581a.

unless the summons is served and return thereof made within the specified three-year period. However, giving full credence to every averment of fact made by plaintiff in opposition to the motion to dismiss, the record provides no sufficient basis for the application of the doctrine.

In opposition to the petition before us plaintiff urges on the authority of *Wyoming Pac. Oil Co.* v. *Preston,* 50 Cal.2d 736 [329 P.2d 489], that the trial court was vested with discretion in determining whether to dismiss an action because of the failure of the plaintiff to serve and return the summons within three years after the commencement of the action as provided in section 581a, Code of Civil Procedure. In our opinion the limited discretion conferred on the trial court by *Wyoming Pacific* is not broad enough to save the day for plaintiff.

As enacted in 1889, former subdivision 7 of section 581, Code of Civil Procedure, read: ''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served and return thereon made within three years after the commencement of the said action, or unless appearance has been made by the defendant.'' This subdivision was amended in 1895. In 1907 the subdivision was repealed and, with some modifications, reenacted as section 581a, Code of Civil Procedure. The provisions for written stipulations extending the time for the service and return of the summons was added in 1949. (See Historical Notes to §§ 581 and 581a, West's Anno. Cal. Codes, pp. 63, 99.) As thus amended, the first paragraph of section 581a now reads: ''No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation

in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition or to recover possession of, or to enforce a lien upon, or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.''

In *Davis* v. *Hart*, 123 Cal. 384 [55 P. 1060], decided in 1899, the court said (pp. 386-387) that the language of former subdivision 7 of section 581 as originally enacted ''shows that great care was taken to make the statute comprehensive and free from doubt. The repetitions are evidently to remove all possibility of doubt. First the prohibitory form is used: 'No action shall be prosecuted,' and 'no further proceedings shall be had therein.' Then the same thing is repeated in the affirmative form: 'all actions heretofore or hereafter commenced shall be dismissed.' The legislative will is thus not only made sure, but that it is absolute and imperative is manifested.'' The same view still prevailed in 1940 when the court held in *Gonsalves* v. *Bank of America*, 16 Cal.2d 169, 172 [105 P.2d 118], that section 581a ''gives a remedy for delay in prosecution of an action, and makes it *mandatory* upon the court to dismiss it after three years, unless the defendant is absent or has concealed himself. The statute is 'jurisdictional' in the sense that the court has no power to excuse the delay, nor can it refuse to act merely because the party fails to make a motion for dismissal. It has power to act only in a certain way, that is, by ordering a dismissal. [Citations.]''

Again, in 1958, the court said in *Wyoming Pac. Oil Co.* v. *Preston*, 50 Cal.2d 736, 740 [329 P.2d 489] : ''Section 581a of the Code of Civil Procedure imposes upon the court the duty to dismiss an action where the summons has not been served and returned within three years after commencement of the action, *except* that no dismissal can be granted where the failure to serve the defendant occurs 'during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.' This is a rule 'designed to encourage promptness in prosecution of actions.' (*Gonsalves* v. *Bank of America*, 16 Cal.2d 169, 172 [105 P.2d 118].) By its enactment, the trial court's inherent discre-

tionary power to dismiss for lack of diligent prosecution (*Ordway* v. *Arata,* 150 Cal.App.2d 71, 74 [309 P.2d 919] ; *Lieb* v. *Lager,* 9 Cal.App.2d 324, 326 [49 P.2d 886]) was modified by a mandatory provision for dismissal, which provision was qualified, however, by certain exceptions.''

The decision in *Wyoming Pacific* is based primarily on the earlier decision in *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981], a case involving the comparable provision of section 583 of the Code of Civil Procedure. In *Rose* v. *Knapp* the court said at page 117 : ''The provisions of 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, but it is subject to implied exceptions. As stated in *Christin* v. *Superior Court,* 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], 'The purpose of the statute is plain : to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceedings at all events in five years . . .' and one exception has been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable or futile.' (See, also, *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 67-68 [168 P.2d 665] ; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 916-917 [207 P.2d 17] ; *Judson* v. *Superior Court,* 21 Cal.2d 11, 14 [129 P.2d 361] ; *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405].) What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case.''

In *Rose* v. *Knapp,* an action to quiet title, the court held that while the judgment in another action between the same parties ''was outstanding, and until it was reversed or set aside, it was a bar to the prosecution of plaintiff's quiet title action because, so long as it was effective, it operated to destroy or impair the basis for plaintiff's action, and it would have been impracticable and futile for plaintiff to have attempted to bring his action to trial. Accordingly, the time which elapsed between the entry of the judgment in *Knapp* v. *Rose* and the final decision thereof on appeal is to be excluded in computing the five-year period under section 583, and it was error to hold that dismissal was mandatory.'' (38 Cal.2d at p. 118.)

In *Wyoming Pacific,* after its comment on the decision in *Gonsalves* v. *Bank of America, supra,* 16 Cal.2d 169, as quoted

above, the court said (pp. 740-741) : "Similar both in general purpose and language are the provisions of section 583 of the Code of Civil Procedure requiring the dismissal of actions not brought to trial within five years after being filed. Despite the apparently mandatory language of that section, this court has found many 'implied exceptions' where it was 'impracticable and futile' to bring the action to trial within the designated five-year period. (*Rose* v. *Knapp*, 38 Cal.2d 114, 117 [237 P.2d 981], with cases cited.) Thus, discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. (See *Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226, 232 [166 P.2d 49].)

"We are therefore of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583.''

The scope of the decision in *Wyoming Pacific* must be determined in the light of the facts of that case as stated in the opinion of the court. It there appeared that defendant Bush was served with the summons "only one week after the expiration of the three-year period provided for service by section 581a. During the last few days of that period, Bush had been found by the trial court to have been concealing himself to avoid service, and consequently on December 15 it had ordered service by publication of summons. It was only through repeated efforts during the following week that personal service on Bush was finally accomplished on December 22. Thus, it is clear that Bush was served within a reasonable period after the time that the trial court had found that he had been concealing himself to avoid service. We therefore conclude that the trial court's dismissal of this action as to defendant Bush constituted an abuse of discretion under the circumstances, since plaintiff was thereby denied a reasonable opportunity to effect service of process following the judicial determination that Bush had been concealing himself.'' A careful reading of the opinion in *Wyoming Pacific* in the light of these facts convinces us that the court did not in fact create an "implied exception" to section 581a, but went no further than to apply the provision of that section that "no dismissal shall be had under this section as to any defendant because of the failure to serve summons on

him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.''

In the case before us the action was filed August 28, 1963. The summons was served on defendant Hill on September 8, 1963, but was never served on defendant Safeway Stores. Negotiations for settlement came to a standstill in ''the early part of 1966'' because of plaintiff's inability to furnish certain information which had been requested by the insurance carrier for Safeway Stores. Although the statutory three-year period expired on August 28, 1966, defendants waited some three months before seeking a dismissal of the action under section 581a. The summons with proof of service on Hill was not returned until the hearing on defendant's motion, and then only because the court ordered it to be filed.

Even under the rule announced in *Wyoming Pacific* the burden is on the plaintiff, in order to escape the force of the mandatory provisions of section 581a, to make an adequate showing that it was impossible, impracticable or futile to comply with the provisions of that section as to the service and return of the summons within the three-year period. In such a case the plaintiff must show ''not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense.'' (*Christin* v. *Superior Court*, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153].) The limited discretion thus conferred on the trial court is not enlarged by the admonition of the court in *Wyoming Pacific* that ''the discretion permitted must be 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' '' To hold otherwise would require us to engage in the long forbidden practice of judicial legislation. (*Tynan* v. *Walker,* 35 Cal. 634 [95 Am.Dec. 152].)

Each case, said the court in *Wyoming Pacific,* ''must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances.'' Here, as in *Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 74-75 [41 Cal.Rptr. 473], there is no showing that it was objectively impossible, or would have been impracticable or futile for any reason to serve the summons on Safeway Stores and to return the summons with proof of service on both defendants within three years from the time the action was commenced. Even though

plaintiff's attorney may have believed that there was still a possibility of a settlement, it was his duty to protect his client's interests by serving and returning the summons within the three-year period. We cannot infer that by doing so he would in any way jeopardize the negotiations for settlement. The fact is that he did not communicate with Travelers' adjuster at any time after "the early part of 1966" and inexcusably let the three-year statutory period expire on August 28 of that year. In the circumstances of this case the trial court abused its limited discretion in denying defendants' motion to dismiss.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order denying defendants' motion and to enter an order dismissing the action.

Herndon, J., concurred.

ROTH, P. J.—I dissent. The facts outlined by the majority show that plaintiff Parr (real party in interest) filed a complaint for personal injuries and served it upon defendant Hill, an employee of Safeway Stores Incorporated, the other defendant. Safeway was not served but the insurance carrier for Safeway (Travelers) contacted Mr. Hoffman, attorney for plaintiff, and negotiations on behalf of both Hill and Safeway to settle plaintiff's claim were commenced and continuously conducted (although abated by illness and specific requests for detailed information by the insurance adjuster) over a three-year period. As appears from the majority opinion: "In October 1964 Travelers' adjuster had informed Parr's attorneys that Travelers was not denying liability and that the only issue was the amount of Parr's claim." It thus appears that the sole issue was the amount of the settlement which should be made.

The two defendants moved to dismiss on the ground that the summons issued upon the filing of the action was not returned and filed within three years as required by section 581a of the Code of Civil Procedure. The motion was opposed by plaintiff. The trial judge after reviewing the conflicting affidavits in support of and opposing the motion said: "It seems to me from the showing made in this matter by the affidavits, *and I say that I take the affidavits of Mr. Hoffman to be true,* that the defendant in this matter is at this time estopped from asserting Section 581a." (Italics added.)

Thus the record shows that the trial judge on conflicting

evidence found the facts to be true which have been cryptically summarized.

No citation of authority is needed for the thoroughly settled rule that the court must accept the facts found by the trial judge from conflicting affidavits. These found facts show that plaintiff was kept out of court because he as a reasonably prudent man had ample ground for believing that there was a good prospect of settlement, only the amount being an issue. They show further that the complaint which had been served on Hill was being treated by the insurance carrier as if plaintiff had served both Hill and Safeway since the carrier negotiated for both and that the overt indications from the settlement negotiations were that compliance with technical formalities, such as service on Safeway and return of summons, was unnecessary.

Conduct by a defendant which keeps a plaintiff out of court, conceding that the conduct was not fraudulently conceived by a defendant, has all the effect of extrinsic fraud when it ripens into a situation which causes a plaintiff, as a reasonably prudent man, to overlook compliance with a statutory rule which will enable him to stay in court. In a situation such as we have at bench, it seems to me that defendants had an obligation arising implicitly from the negotiations to announce on some date prior to the expiration of the three-year period, if they had the statute in mind, "serve Safeway and return the summons or we won't deal with you." If there is such an implied obligation to speak, and I think there is, if a party privy to the situation plans to benefit from the omission, the failure to speak under the circumstances here detailed amounts to extrinsic fraud. Failure to speak at the very least, in my opinion, suggests a hope on the part of defendants that plaintiff would overlook the statutory requirement and forfeit the right to continue with an action which apparently had merit. If such a hope is created by prolonged negotiations (even though the delays were not generated by defendants), then realization of the hope by taking advantage of the security the negotiations spawned in the mind of plaintiff amounts to extrinsic fraud. (3 Witkin, Cal. Procedure (1954) § 71, pp. 2124-2125.) If defendant didn't have taking advantage of the situation in mind, as seems quite probable, then the facts demonstrate that plaintiff was thoroughly justified in the assumption that defendants would continue to deal or advise plaintiff that the negotia-

tions for settlement were hopeless and that he had best proceed with his action.

In the recent case of *Morgan* v. *International Aviation Underwriters, Inc.*, 250 Cal.App.2d 176 [58 Cal.Rptr. 164], involving a contractual rather than a statutory period of limitations, decided by this court, we held on the precise question on substantially similar facts without the benefit of a finding by the trial court that a plaintiff who filed a complaint after the period set by an insurance contract was entitled to have the matter of estoppel determined before the action could be dismissed.

In *Morgan, supra,* this court said at pages 180-181: " 'The courts have recognized estoppels in circumstances comparable to these. Thus the District Court of Appeal in *Gaglione* v. *Coolidge* (1955) 134 Cal.App.2d 518 [286 P.2d 568], expressed the opinion: "It is well settled that where delay in commencing an action is induced by the conduct of the defendant, he cannot avail himself of the defense of the statute. (*Adams* v. *California Mut. Bldg. & Loan Assn.*, 18 Cal.2d 487 [116 P.2d 75]; *Langdon* v. *Langdon*, 47 Cal.App. 2d 28 [117 P.2d 371]; *Berkey* v. *Halm*, 101 Cal.App.2d 62 [224 P.2d 885]; *Schaefer* v. *Kerber*, 105 Cal.App.2d 645 [234 P.2d 109].) In *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 690 [252 P.2d 649], it is said that 'Acts or conduct which wrongfully induce a party to believe an amicable adjustment of his claim will be made, may create an estoppel against pleading the statute. (Citations.) An insurer cannot hold out a hope of amicable adjustment of a claim and thus delay action against it, and then plead the delay caused by its own conduct as a defense to an action when brought.' " (P. 527.) *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], applies an estoppel to an insurance situation, saying the statute may be suspended by "fraudulent concealment by the defendant of the facts upon which a cause of action is based . . . or mistake as to the facts constituting the cause of action . . . [E]quitable considerations . . . are applicable whether defendant violated a legal duty in failing to disclose its intention to set up this technical defense, or whether it is now merely seeking the aid of a court in sustaining a plea that would enable it to obtain an unconscionable advantage and enforce a forfeiture." (P. 411.)' "

The facts at bench judicially determined on the motion to dismiss are the equivalent of a finding of extrinsic fraud. If

on the basis of extrinsic fraud a court can set aside a final judgment, irrespective of mandatory statutory provisions pursuant to which the judgment was obtained, it appears reasonable that the court has the power on the ground of equitable estoppel when the facts equate with extrinsic fraud to prevent a judgment from being entered.