[Civ. No. 12808.  First Dist., Div. Two.  Feb. 16, 1945.]

In re CALIFORNIA MUTUAL BUILDING AND LOAN ASSOCIATION OF SAN JOSE, CALIFORNIA (a Corporation) in Liquidation. MARY C. BALLANTYNE et al., Appellants, v. FRANK C. MORTIMER, as Building and Loan Commissioner, etc., et al., Respondents.

F. W. Sawyer for Appellants.

Frank V. Campbell and Campbell, Hayes & Custer for Respondents.

DOOLING, J. pro tem.—The appellants herein were successful plaintiffs in the action entitled *Allen* v. *California Mutual Building & Loan Association* (hereinafter called the Allen case) and the judgment in their favor was affirmed by the Supreme Court. (22 Cal.2d 474 [139 P.2d 321].) That judgment, so far as material to the question now presented, is here quoted:

"It is further adjudged, decreed and ordered, that each of the immediately named hereinafter plaintiffs be and each of them is here restored to Mutual Share Holders of Mutual Shares of the defendant California Mutual Building and Loan Association . . . with equal right of payment in the liquidation of the defendant California Mutual Building and Loan Association with other mutual share holders of said Association . . . and without any right of priority in such payments over other mutual shareholders of said Association. . . ."

The sole effect of this judgment as it affected the appellants herein was to place them upon a parity with all other mutual shareholders in the right, whatever that right might be, to receive payments in the course of the liquidation of the association.

Contemporaneously with the entry of this judgment there was pending on appeal a judgment in an action entitled *Adams* v. *California Mutual Building & Loan Association* (hereinafter called the Adams case). This action was a representative one prosecuted on behalf of the named plaintiffs and all persons similarly situated. Its purpose was to establish the right of mutual shareholders to share ratably with investment certificate holders in the liquidation of the

association. After the entry of the judgment in the Allen case the Supreme Court reversed the judgment in the Adams case. (18 Cal.2d 487 [116 P.2d 75].) The effect of the reversal in the Adams case was to establish the right of plaintiffs therein and all others similarly situated, as mutual shareholders, to participate in the liquidation of the association on a parity with investment certificate holders.

In its opinion in the Adams case the Supreme Court said:

"Inasmuch as these are representative actions, brought on behalf of named plaintiffs and others similarly situated but not represented in corresponding litigation, any award of counsel fees should be paid out of that portion of the fund recovered by those for whose benefit these actions were brought."

Pursuant to the directions of the Supreme Court in its order of reversal judgment was entered in the Adams case and as a part of said judgment it was determined that the attorneys in the Adams case "are entitled to receive thirteen and one-third per cent of all the funds out of the assets of said Association which may have heretofore been or are now or may hereafter become available for distribution to all plaintiffs" and the defendant Building and Loan Commissioner was ordered to pay such percentage to said attorneys. It was further determined by said judgment that all persons who appear on the books of the association as mutual shareholders, with certain exceptions of parties plaintiff in other similar named actions which did not include appellants herein, "are deemed to be plaintiffs . . . and are entitled to receive the benefits of this judgment."

Thereafter in this proceeding, on petition of respondent Building and Loan Commissioner and after answer thereto by appellants and a hearing at which all parties were represented, the court made its order directing respondent commissioner to deduct 13-1/3 per cent from the funds payable to appellants as mutual shareholders for the payment of the attorneys' fee as ordered in the final judgment in the Adams case. It is this order which is now before us on appeal.

Appellants attempt to level an attack on the power of the court to order the payment of any fee by others than the named plaintiffs in a case of this character. Without deciding whether it is res judicata of the rights of these parties, the language of the Supreme Court above quoted from its opinion in the Adams case at least settles for us as a matter of law

that the allowance of a fee from the distributive shares of "others similarly situated but not represented in corresponding litigation" is legal and proper. We will not therefore burden this opinion by a discussion of any question concerning the legal propriety of the allowance of a fee in the manner directed by the Supreme Court in the Adams case.

Laying aside such contentions the single question is presented whether these appellants, in the language of the Supreme Court in the Adams case, are persons "not represented in corresponding litigation" and "for whose benefit these actions were brought." We are satisfied that the Allen case was not "corresponding litigation" to the Adams case.

It is clear from what has already been said that the judgment in the Allen case only established the right of appellants herein, as mutual shareholders, to participate in liquidating dividends on a parity with other mutual shareholders. The judgment in the Allen case did not establish appellants' right to participate on a parity with investment certificate holders. The latter right was established for them only by the later decision in the Adams case. Without the decision in the Adams case, or other similar litigation, appellants herein to establish their parity with investment certificate holders would have been compelled to prosecute another action against the Building and Loan Commissioner. The judgment in the Adams case was therefore as beneficial to them as to any other mutual shareholder who did not himself have a judgment in another action similar to the judgment in the Adams case.

The order is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 16, 1945.